Hendricks vs. Keesee et al.

# HENDRICKS VS. KEESEE ET AL.

ACTION, RIGHT OF: *Against heir at law.*

　No action at law can be maintained against the heir to whom assets have descended, upon the contract of the ancestor. Equity alone has jurisdiction in such cases.

APPEAL from *Saline* Circuit Court.

Hon. JABEZ M. SMITH, Circuit Judge.

*Gallagher & Newton,* for appellant.

*John Fletcher, contra.*

HARRISON, J.:

This was an action at law by Andrew Hendricks against James P. Keesee, Isaac N. Keesee, and Priscilla Owen and her husband, George W. Owen.

The complaint, which was very loosely drawn and wanting in certainty and definiteness, averred:

That the plaintiff, in the year 1856, purchased from George Keesee, the father of the defendants James P. Keesee, Isaac N. Keesee, and Priscilla Owen, a tract of land of 274½ acres in Saline County, for which he paid him seven hundred dollars in cash, and gave him his note for five hundred dollars, bearing ten per cent. interest from date until paid, and Keesee executed to him a bond to convey the land to him by deed, with the usual covenants of seisin and warranty of title, and he immediately entered unto possession under his purchase.

That he afterwards paid the note, and Keesee on the 27th day of February, 1862, executed to him a deed for the land, in which he covenanted that he was seised in fee thereof, and that he would warrant and defend the title.

That Keesee died intestate in the year 1864, seised and possessed of real and personal property of the amount of ten thousand dollars, and leaving him surviving his said children, James P., Isaac N. and Priscilla, the said Priscilla having since intermarried with the defendant George W. Owen, and other children or their descendants unknown to the plaintiff, his heirs at law.

That administration was had upon his estate, and the same had been fully administered and distributed, and the administrator discharged, and partition had been made of his real estate between the said heirs.

That the title to forty acres of the said tract of land, the north half of Lot One of the southwest quarter of section nineteen, township two south, range fifteen west, was, when Keesee made

the deed of conveyance, in the United States, and he was at no time afterwards seised thereof, and that the same had been entered within twelve months preceeding the commencement of the suit by one Simon Jones as a homestead, and who had entered thereon and evicted the plaintiff.

That when Keesee executed the deed of conveyance, the plaintiff had no knowledge that he had no title to the said forty acres, and he did not learn of the fact until after the same had been entered by Jones.

And that said covenants had been broken, and by reason of said breaches of covenant he had sustained damages to the sum of one thousand dollars; for which he prayed judgment.

The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and rendered judgment for the defendants.

The plaintiff appealed.

That a suit may be maintained in equity against an heir to whom assets have descended, or who has received a distributive share of the estate, upon a cause of action, which has arisen upon his ancestor's contract after the administration has been closed, has been decided by this court in several cases.  *Williams* v. *Ewing & Fanning*, 31 Ark., 229;  *Walker* v. *Byers*, 14 Ark., 246;  *Bennett* v. *Dawson*, 15 Ark., 412;  *Bennett* v. *Dawson*, 18 Ark., 334.

It has, however, never been held in this State, that an action of law might be brought against the heir; and it is clear to our mind, that, as the statute makes real estate, as well as personal, assets in the hands of the executor or administrator for the payment of all debts, there is here no privity of contract between the ancestors and the heir, as at common law, where the heir was specially named in the covenant or bond, and the remedy in such a case is alone in equity.

The right to sue the heirs necessarily depends, as the cases we have cited show, upon the fact, that the cause of action arose by the happening of a contingency after the administration was closed. If it existed at the death of the testator or intestate, or before the expiration of the two years in which the claims may be exhibited against the estate, whether matured or not, it must be presented as a demand against the estate, unless it came into being so shortly before the time for such presentation expired, that it was not possible to present it, in which case equity would no doubt afford relief. *Bennett* v. *Dawson*, 15 Ark., 412.

As the title to the forty acres was in the United States, Keesee's covenant of seisin was broken as soon as it was made, and the plaintiff might have brought action against him for the breach immediately. *Pate* v. *Mitchell*, 23 Ark., 590; *Bird* v. *Smith*, 8 Ark., 368; *Ross* v. *Turner*, 7 Ark., 132; *Logan* v. *Moulder*, 1 Ark., 313; Rawle on Cov. for Tit., 298.

And as there was no seisin there was nothing on which the covenant of title could operate, nothing passed by the deed; there was nothing to defend, and there could be no eviction. *Hacker* v. *Storen*, 8 Green., 288; *Slater* v. *Rawsen*, 1 Met. (Mass.), 450; Rawle on Cov. for Tit., 255.

The demurrer was rightly sustained, and the judgment is affirmed.