## KNEPPER, ADM'R, v. GLENN

1. **Guardian**: SURETY: BOUND BY ADJUDICATION AGAINST PRINCIPAL. A finding by the proper court, upon the settlement of a guardian's account, that the guardian is indebted to the estate of his ward, is, in effect, an adjudication that the guardian either had when he was appointed, or afterwards received, money belonging to his ward; and such adjudication is binding upon the surety on the guardian's bond given at the time of appointment, so that such surety, when sued on the bond, cannot say that the guardian received and squandered all of the ward's money *before* his appointment, and that therefore he, having obligated himself only for *future* defalcations, was not liable. (Compare *Knox v. Kearns, ante,* 286.)

*Appeal from Iowa Circuit Court.*

WEDNESDAY, MARCH 7.

ACTION on a guardian's bond against the surety thereon. The trial was to the court without the intervention of a jury, and judgment was entered for the plaintiff. Defendant appeals.

*Ira J. Alder* and *Baker & Ball,* for appellant.

*Feenan & Kirk* and *Remley & Remley,* for appellee.

REED, J.—In 1863, and prior to that time, the ward, who was of unsound mind, resided in the state of Pennsylvania, and his estate was in the hands of a guardian, appointed by the proper court of that state. About the 1st of June of that year the guardian resigned the trust, and the principal on the bond sued on was appointed in his stead, and duly qualified. He received from the former guardian the sum of $1,078.63 belonging to the ward, and soon afterwards brought the ward and the money so received to this state. In 1868 he applied to the county court of Johnson county to be appointed guardian of said ward, representing in his petition that there was property of the ward in the county subject to guardianship, which was liable to waste and loss, and the

court thereupon made an order appointing him guardian of the property of the ward, and he qualified by giving the bond in suit.   In 1883, in obedience to a citation from the circuit court, he filed a report of his doings as guardian, the ward having died in the meantime.   He claimed credit for various sums for the support of the ward, the aggregate amount of which exceeded the sum which he had received from the former guardian, and the annual interest thereon.   Exceptions were filed to the report, and on a hearing on the merits the court found that he was indebted to the estate of his ward in the sum of $943.63, and an order was entered requiring him to pay over that amount to the administrator of the estate.   But he neglected to make such payment, and this action was brought on the bond for the recovery of the amount from the surety, plaintiff being administrator of the estate.   The surety pleaded that the default of the guardian occurred before the execution of the bond; that before his appointment by the county court of Johnson county he had converted to his own use and squandered all the money received by him from the former guardian, and that he did not, at that time, have in his possession any property or money belonging to the ward; nor did he ever afterwards receive any.   Plaintiff, in his reply, pleaded the order of the circuit court in the proceeding for the settlement of the guardian's accounts as an adjudication of the question sought to be made in the answer.   The condition of the bond is that the guardian " shall faithfully discharge the office and trust of such guardian  according to law, and shall render a fair and just account of such guardianship from time to time whenever thereunto required by law, and render and pay to said idiot all moneys, goods and chattels, title papers and effects which may come into the hands or possession of the guardian belonging to such idiot when such idiot shall be entitled thereto, or to any subsequent guardian, should the court so direct."

It was proven on the trial that the only money or property

belonging to the ward which ever came into the hands of the guardian was the sum received by him from the former guardian. And defendant gave evidence tending to prove that the guardian had mingled said money with his own estate, and used it for his own purposes, before his appointment in 1868, and that at that time he was insolvent. The plaintiff was permitted, against defendant's objections, to introduce evidence of certain statements made by the guardian after his appointment in this state, which tended to show that he then had the money in his possession. We do not deem it material to inquire as to the correctness of the ruling admitting this testimony, for in our opinion the question to which the testimony related could not be inquired into in this proceeding. It is true that the undertaking of the surety in the bond was against the default of the guardian in the future. The conditions of the bond were not retrospective. The order of the circuit court in the proceeding for the settlement of the guardian's accounts, however, was an adjudication, as between the guardian and the representatives of the ward, of all questions as to the liability of the former, and the extent of that liability. It determined that he was liable to the extent of the amount named in the order. Now, that is necessarily a determination that the guardian at the date of his appointment in this state had in his hands a sum of money which, with the interest thereon, after deducting the credits allowed him, amounted to the sum named. There is no other possible theory upon which the order could have been based. If he had squandered the money before his appointment, while he would have been liable to the ward for the amount, his liability would have been as an individual, and not as a guardian. At all events, he would not have been liable therefor as guardian under the appointment in this state. And it was under that guardianship that he was accounting, and it was with reference to it that the order was made. To determine (as the court did) that he was liable as guardian for that amount, was necessarily to determine either that he

had that amount belonging to the ward in his hands when he entered upon the trust, or that he had received it subsequently. The settlement of the account was a matter within the exclusive jurisdiction of the circuit court, and its adjudication is binding alike on the guardian and the surety on his bond. (See Herrick & D. Prob. Law, 532; *Brodrib v. Brodrib*, 56 Cal., 563; *Knox v. Kearns, ante*, 286.) AFFIRMED.