MARSTON and another, Respondents, vs. DRESEN and wife, Appellants.

*March 19 — April 8, 1890.*

*Fraudulent conveyances: Creditors' action: Pleading.*

1. In an action in the nature of a creditor's bill to set aside fraudulent conveyances of a debtor's property, the complaint, after stating the facts constituting the fraud, describes each of the transfers as a separate cause of action. *Held,* on demurrer, that but one cause of action is stated, and that each of the so-called causes will not be required to stand or fall by itself.

2. Allegations showing that a debtor transferred all his property to his wife without consideration, reserving nothing to pay existing creditors, state with sufficient particularity the facts constituting the fraud.

3. In a creditors' action under sec. 3029, R. S., a complaint showing the amount due on the judgment, and stating facts from which it is apparent that there is no collusion between the parties and that the plaintiffs are prosecuting the action for the sole purpose of compelling payment and satisfaction of their judgment, sufficiently complies with Circuit Court Rule XXVIII, sec. 1.

APPEAL from the Circuit Court for *La Crosse* County. Action to set aside certain conveyances and transfers of property by a debtor to his wife. The allegations of the complaint will sufficiently appear from the opinion. The defendants demurred generally to the whole complaint, and to each separate cause of action stated therein, and appealed from an order overruling the demurrer.

For the appellants there was a brief by *Paul W. Mahoney,* attorney, and *Bleekman, Tourtellotte & Bloomingdale,* of counsel, and oral argument by *F. A. Bloomingdale.*

For the respondents there was a brief by *Winter, Esch & Winter,* and oral argument by *Frank Winter.*

COLE, C. J. We do not see any valid objection to the complaint in this action. As we understand it, it is in the nature of a creditor's suit under the old practice, and is

expressly authorized by sec. 3029, R. S. It appears from the complaint that the plaintiffs recovered a judgment against the defendant *Dresen* and one Fjelstad, his partner, in November, 1888, for $910.81, and that an execution has been issued upon the judgment which has been returned wholly unsatisfied. It is alleged that the debt for which the judgment was obtained was contracted solely on the credit of *Hubert Dresen*, as the other judgment creditor was known to be irresponsible, while *Dresen* owned a large amount of real estate, and considerable personal property in the form of mortgages on real estate. The complaint then proceeds to state a number of conveyances of real estate and transfers of mortgages which were made by *Dresen* at different times to his wife, *Josephine Dresen*, all of which conveyances and transfers, it is alleged, were without consideration and were made by *Dresen* when heavily indebted, for the purpose of defrauding creditors and especially the plaintiffs, which fraudulent purpose the wife well knew and participated in. These different transfers of property are described in the complaint as "First, second, third, fourth, and fifth causes of action," and it is objected that each count or paragraph, by itself, unless aided by other facts or allegations, does not state a good cause of action. But we think, properly speaking, there is but one cause of action set forth and relied on, viz., an equitable suit to set aside conveyances and transfers of property made by a debtor in fraud of his creditors. These conveyances are obstructions in the way of collecting a judgment by the ordinary process of execution, and hence resort is had to a court of equity to remove them or have them declared void as against creditors. The remedy on the execution has been exhausted, and now it is sought to remove fraudulent obstructions from real property which is held in trust for the judgment debtor, if the facts stated are true, for it requires no argument to support the proposi-

tion that a debtor cannot give away all his property to his wife to defraud existing creditors; and the intended fraud, both on the part of the grantor and grantee, is distinctly alleged in the complaint.

According to our view, the action is brought to cancel fraudulent conveyances and to reach choses in action for the benefit of creditors, where the remedy by execution has proven ineffectual; and the complaint really states but one cause of action. It may have been unnecessary to particularly describe each of the conveyances which is claimed to be fraudulent, and which it is sought to set aside or impeach; but the fact that each is set forth in a separate paragraph as constituting a separate cause of action does not render the complaint bad or prejudice the defendants. There is but one cause of action stated, which is an equitable suit to reach equitable and other interests really belonging to the judgment debtor, and to set aside fraudulent conveyances and obstructions to a levy and sale on execution. The facts show a fraudulent disposition of property by the judgment debtor, and it is alleged that neither of the judgment debtors has any other property than that embraced in the conveyances and transfers out of which the plaintiffs' judgment could be satisfied in whole or in part. Consequently, when applied to this case, there is no force in the objection that the pleader has undertaken to state five separate and distinct causes of action in the complaint, and that each count or paragraph must stand or fall upon its own merits and cannot be aided by facts set forth in the other paragraphs. That rule of pleading has no application whatever to this case, since there is but one cause of action stated.

In the ninth paragraph it is stated that *Mrs. Dresen* claims to have had, previous to the pretended conveyances to her, some right to or interest in the real estate and mortgages transferred to her, which claim the plaintiffs believe

Marston and another vs. Dresen and wife.

to be false and fraudulent. It is said that such a claim, existing in good faith, would form in itself a valid and sufficient consideration to support the conveyances. Whether this would be so or not, it is evident, if the conveyances and assignments of the mortgages were made to defraud creditors, and the husband and wife acted in concert in the fraudulent transactions, the conveyances are void as to such creditors. But it is objected that no facts are stated showing fraud or the fraudulent intent of the parties in making these conveyances and transfers of property. It is true, it is stated in general language that the conveyances were fraudulent, or were made with intent to defraud creditors, but the complaint shows that *Dresen* was heavily indebted when he made them; that they were without consideration; and that he had no other property to satisfy the plaintiffs' judgment. The law imputes fraud to such transactions. A man involved in debt has no right to give away all his property at the expense of his creditors. He must be just before he is generous. If the defendant *Dresen* made voluntary conveyances of all his property to his wife while in debt, reserving nothing to pay existing creditors, his acts were fraudulent in law. The facts constituting fraud, therefore, are stated with sufficient particularity, so that no court would hesitate, upon their being proven, to set aside the conveyances as fraudulent as to creditors.

It is further said that the complaint is defective because it does not contain the allegations required by sec. 1, rule XXVIII, of the Circuit Court Rules of Practice. The complaint in this case sufficiently conforms to the rule. It shows the amount due on the judgment; and it is very apparent from the facts stated that there is no collusion between the parties, and that the plaintiffs are prosecuting the action for the sole purpose of compelling payment and satisfaction of their judgment. The complaint contains all the facts which have been deemed necessary to constitute

a cause of action under sec. 3029, R. S., and which entitle the plaintiffs to equitable relief. *Ahlhauser v. Doud*, 74 Wis. 400, and cases cited in the opinion.

It follows from these views that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.