## BERTON *v.* ANDERSON.

Opinion delivered October 8, 1892.

1. *Contribution by co-surety—Defense.*

Where a surety upon a guardian's bond, who has been compelled to pay over money due by the guardian upon termination of the fiduciary relation, sues his co-surety for contribution, it is no defense that the plaintiff consented that the guardian might retain and use the ward's money by paying interest therefor and that the probate court thereupon made an order reciting such consent and authorizing the guardian to retain the money "until further order."

2. *Administration—Liability of estate after settlement.*

While land descended may in equity be charged, in the hands of the heirs, with a debt of the intestate which accrued after administration upon his estate was closed, the title of a *bona fide* purchaser, acquired before commencement of a suit to charge the land with the payment of the debt, will be protected.

Appeal from Phillips Circuit Court in Chancery.

MATTHEW T. SANDERS, Judge.

*John J. & E. C. Hornor* for appellant.

1. A surety paying the debt of his principal has a right to contribution from his co-surety. Mansf. Dig. secs. 6403–4.

2. As the co-surety was dead, and the administration closed before appellant's cause of action accrued, his remedy at law was inadequate, and his remedy is in chancery to subject the real estate which descended to his heirs to the payment of his demand. 15 Ark. 412; 14 *id.* 253; 39 *id.* 577; 18 *id.* 118; 31 *id.* 234; 40 Ark. 433.

3. Lands descended to an heir and in his hands are subject to the right of contribution by a co-surety of the ancestor, who has paid more than his share. 31 Ark. 234; 40 *id.* 433; 53 *id.* 291. The same rule applies to a purchaser from the heirs. 40 Ark. 433; 17 Ohio St. 242; Rawle, Cov. of Title, sec. 310.

4. The consent of Berton that the guardian might retain and use the money did not release the co-surety, Anderson. The order of the court merely continued the matter to another term, or further order of court. But even between creditor and principal debtor this would not have released a surety, because the extension must be for a definite time and for a valuable consideration. 35 Ark. 463; 34 *id.* 44; Brandt on Suretyship, sec. 244.

*Quarles & Moore* for appellee.

Appellant has no right of action against appellee or the lands, because—

1. He is not a co-surety and does not hold the property as heir of Paul F. Anderson. Appellee is an innocent purchaser for value without notice. 18 Ark. 118; 31 Ark. 234; 40 *id.* 453; 53 *id.* 291. These were all cases of co-sureties against heirs who *then owned the lands by inheritance.* The intimation in 40 Ark. 453 is mere *dictum.* See also sec. 470 of civil code.

2. Berton by his own act became the sole surety on the bond of W. G. Moore, and he cannot now be heard to complain. See Brandt on Suretyship, secs. 227–8; 34 Ark. 73. Contribution is not enforced when inequitable.

MANSFIELD, J. This is a suit in equity brought by Leon Berton to subject certain lots in the city of Helena, which descended to the heirs of Paul F. Anderson, deceased, to contribution in the payment of a sum for which the plaintiff and the decedent were jointly liable as co-sureties on the bond of W. G. Moore as guardian of Tennie Hickman, and the whole amount of which the plaintiff has been compelled to pay, De Witt Anderson, one of the heirs of Paul F., having purchased the interests of his co-heirs in the lots, was made sole defendant to the complaint, and resisted the relief sought on the following grounds: First, he alleges that, the probate court having issued a citation against Moore to appear

and show cause why the money in his hands as guardian had not been loaned out, he appeared and filed the written consent of the plaintiff that Moore should be allowed to use the money and pay interest upon it at the rate of ten per cent. per annum ; and that an order was thus obtained permitting Moore to retain the money on the terms stated. This, it is insisted, released Berton's co-surety. Secondly, the answer states that the defendant is an innocent purchaser for a valuable consideration without notice of the plaintiff's claim. Some other matters of defense are stated in the answer, but they have not been insisted upon here. The court dismissed the complaint for want of equity, and the plaintiff has appealed.

1. Contribution by co-surety.

The following facts are shown by the exhibits to the answer. The probate court, having found from the second annual account of Moore that he had in his hands the sum of $1307.19 belonging to his ward, and that he failed to report what disposition he had made of it, made an order requiring him forthwith to file such report conformably to the statute. Mansf. Dig. sec. 3515. This order having been served upon Moore, there was filed in the court a paper signed by the plaintiff and to the effect that he, as surety of Moore, consented that the latter might retain and use the ward's money and pay for its use interest at the rate of ten per cent. per annum. The court thereupon made an order reciting the filing of such consent, and also the fact that Moore had been unable to lend the money upon such security as the law required, and directing that he might retain it until the further order of the court by paying interest upon it at the rate of ten per cent. per annum. It appears to be conceded that the money mentioned in this order was the same subsequently recovered from the plaintiff as one of Moore's sureties. But there is nothing except the formal recital of the order to show that Moore had not used the money before the order was made. The language of the

recital, in referring to the money as being "in his hands," is similar to that of the order requiring him to report what disposition he had made of the money, and we do not understand it to mean anything more than that it should be "in his hands," according to an account previously settled by the court. The order was that he might "retain said sum of money  *  *  *  until the further order of the court." This does not, under the circumstances, imply that there had been no previous use of the money, and the phraseology of the recitals of the order is entirely consistent with the idea that what the guardian sought was an order authorizing him to continue to use his ward's funds, and enabling him to avoid reporting them to the court for that disposition, which the statute required. Mansf. Dig. secs. 3512, 3515, 3516. We cannot, therefore, find from the exhibits referred to, that Moore's failure to pay over the money on the termination of his guardianship resulted from his use of it under the order the plaintiff aided him to procure. Nor does that fact otherwise appear. But the writing of the plaintiff filed in the probate court does not purport to be anything more than a mere consent on his part, as one of the sureties of Moore, that the latter's request might be granted. It was not in the nature of a contract, and furnished no security, distinct from or in addition to that of the bond, against any loss to the ward which might result from the order. It was not made the basis of the recovery had against the plaintiff, and the recitals of the record show that it was not the only inducement to make the order. The order itself was at most only the court's acquiescence in an act unwarranted by the law ; and it affected no right of the ward and changed in no respect the liability created by the execution of her guardian's bond. The court did not sustain towards Moore the relation of a creditor ; but if its action could be regarded as having extended the time in which

the law required him to pay or account for the money, the extension was for an indefinite period, and did not, for that reason, have the effect to discharge either of his sureties. 2 Brandt on Suretyship, sec. 344. We are unable, therefore, to see that the matter set up in the first paragraph of the answer justifies the action of the chancellor in dismissing the complaint.

2. When land liable in heir's hands.
The administration upon Anderson's estate having been closed before the accrual of the plaintiff's cause of action, he was without remedy in the probate court or by any proceeding at law. Mansf. Dig. sec. 98; *Walker* v. *Byers*, 14 Ark. 246. And it is settled by previous decisions of this court that in such case the lands of a deceased co-surety, while they are held by his heirs, may in equity be subjected to contribution. *Williams* v. *Ewing*, 31 Ark. 234; *Hecht* v. *Skaggs*, 53 Ark. 291. The defendant paid nothing for his own share of the land as one of the heirs of Paul F. Anderson. To the extent of that share, he holds by inheritance and not as a purchaser from the other heirs; and, under the rule established by the cases cited, the plaintiff is entitled to the relief prayed for as against so much of the land as is thus held. But it is shown that the defendant was a *bona fide* purchaser of the rest of the land, and the question remaining is, whether that can also be charged with the payment of the plaintiff's claim.

At common law the real estate of a decedent was not liable for his simple contract debts. It was liable only for such debts as were created by specialty; and for the payment of these the heir was bound to the extent of the value of the land descended to him. But if the heir aliened the land before an action was commenced against him to recover the ancestor's debt, the creditor was without remedy, either against the land itself or the heir personally. Woerner's Law of Administration, sec. 574; *Griswold* v. *Bigelow*, 6 Conn. 258. In this State,

lands are assets in the hands of a decedent's personal representative for the payment of all his debts ; and his heir cannot be sued at law upon any of his contracts. Mansf. Dig. secs. 68, 170 ; *Hendricks* v. *Keesee*, 32 Ark. 714. The heir, as already indicated, may in some cases be made liable in equity for the debt of his ancestor, to the extent of the assets he has received. *Hall* v. *Brewer*, 40 Ark. 433. But where land descended is conveyed by the heir to an innocent purchaser for value before the commencement of a suit to charge it with the payment of an equitable claim not enforcible against the executor or administrator, we have no statute which denies to the purchaser the protection afforded by the common law rule referred to above. And we perceive no reason justifying that rule as against the legal demand of the specialty creditor that may not with equal force be urged in favor of its application to a claim such as is asserted here. 2 Woerner's Law of Administration, sec. 579. Nor is an application of the common law rule to the present case inconsistent with the doctrine applied by the courts to many other cases in which a purchaser of lands is protected against the assertion of an equitable incumbrance or interest of which he had no notice at the time of acquiring the legal estate. Thus a vendor's equitable lien cannot be enforced against a *bona fide* purchaser without notice. And one who for a valuable consideration buys land from a trustee, without notice of the trust, will take the property discharged of the trust. Bispham's Eq. secs. 25, 262, 263 ; 1 Perry on Trusts, secs. 217, 218, 239 ; 2 *id.* 828.

Our administration laws seek to promote the early settlement of estates. *Walker* v. *Byers*, 14 Ark. 253. And it does not comport with the policy of those laws to impose a restraint upon the heir's power to alien the land he inherits after it is free of all claims allowable in the probate court. *Mays* v. *Rogers*, 37 Ark. 155. The claims

allowed there constitute a lien upon the land which relates back to the time of the decedent's death, and of which all persons are bound to take notice. And although this lien will be lost by the failure to enforce it within a reasonable time, it cannot be defeated by the heir's conveyance, executed either before or after the grant of administration. But there is no lien of a statutory nature in favor of a claim accruing too late to be authenticated against the executor or administrator. And a claim thus arising is sustained as a charge upon the estate in the hands of the heir, solely on the ground that it is an equity in the property of the ancestor superior to that of the heir. *Walker* v. *Byers*, 14 Ark. 253. But the equity of such a claim is not superior to that of a *bona fide* purchaser acquiring title before the commencement of a suit to enforce the creditor's demand. The equity of the purchaser in such case is at least equal to that of the creditor, and the claim of the latter cannot therefore prevail against it. 1 Perry on Trusts, sec. 218; Bispham's Eq., secs. 40, 175.

The decree of the court below will, accordingly, be affirmed as to that part of the land purchased by the defendant from the other heirs. But as to the residue of the land the decree will be reversed, and the cause will be remanded with directions to the chancellor to grant the relief prayed for as against the share of the land which came to the defendant by inheritance.