THE SECURITY FIRE INSURANCE COMPANY v. CHRIST HANSEN, *et al.*, Appellants.

Bonds: DEATH OF OBLIGOR: *Estates.* The liability of a surety on a bond of an insurance agent, conditioned that such agent will perform all duties as such, and at the termination of the agency, by resignation, removal or otherwise, faithfully account with the company and pay over all money due, is not terminated by the

death of the surety, but continues against his estate and its distributees, where the bond provides that such surety binds himself, his "heirs, executors and administrators."

**Claims Against Estates.** Code 1873, section 2421, fixing a period in which claims against the estate of a deceased person shall be filed, does not apply to contingent and undetermined claims growing out of a bond given by decedent to stand good for the business conduct of an insurance agent, such claims arising after that period has expired.

*Appeal from Clinton District Court.*—HON. W. F. BRENNAN, Judge.

SATURDAY, DECEMBER 18, 1897.

DEFENDANTS' demurrer to plaintiff's petition being overruled, and defendants electing to stand upon their demurrer, judgment was entered against John, Anna, Henry, and William Teege and their guardian, O. T. Nelson, for two hundred and twenty-one dollars and thirty-one cents, and costs. Defendants appeal.—*Affirmed.*

*R. B. Wolfe* for appellants.

*Holleran & Scott* for appellee.

GIVEN, J.—I. The allegations of the petition are, in substance, as follows: That about July 23, 1885, Christ Hansen was appointed agent for the plaintiff corporation, and continued to act as such up to November, 1895. That on July 23, 1885, he, with John R. Merrill and Theodore Teege, now deceased, as his sureties, executed and delivered to the plaintiff a bond in the sum of five hundred dollars, for the payment of which they obligated "ourselves, our heirs, executors, and administrators, jointly and severally, by these presents," upon this condition. "The condition of this obligation is such that whereas, Christ Hansen has been duly appointed agent of the Security Fire Insurance Company at Lost

Nation, county of Clinton, and state of Iowa, and as such agent authorized to receive money for said Security Fire Insurance Company, for premiums on policies, payment of losses, salvages, collections or otherwise, and has agreed to keep a true and correct account of the same, and make regular reports to said Security Fire Insurance Company of the business of said Security Fire Isurance Company transacted by him, and to pay over all money due to said company, and to in every way truly and faithfully perform all duties as such agent in compliance with the instructions received from time to time through the proper officers of said company, and, at the termination of said agency, by resignation, removal, or otherwise, to truly and faithfully account with said company, and pay over all moneys then due to said company, and also to return all books, supplies, and property in his possession belonging to said company." The petition shows that there is due and owing to the plaintiff from defendant Hansen, on account of moneys received by him up to November, 1895, the sum of two hundred and sixteen dollars, which he fails and refuses to pay, and which he has converted to his own use. That on the ninth of June, 1892, said Theodore Teege died intestate, possessed of an estate of personal property valued at about two housand, five hundred dollars. That administration was granted on the said estate, June 20, 1892, and that administration thereon was closed on the twenty-sixth day of July, 1893, and the administrator discharged. That said deceased left, as his children and only heirs, the defendants John, Anna, William, and Henry Teege, all of whom are minors, and each of whom received from said estate one-fourth part of one thousand, two hundred and seventy-nine dollars and sixty cents. That defendant O. T. Nelson is the duly appointed and qualified guardian of said minor heirs, and as such received said sum from the administrator on the twentieth day of July, 1893. That

the defendant Mary Voss, as the widow of said deceased, received from the administrator six hundred and thirty-nine dollars and eighty cents from said estates on the twentieth day of July, 1893. That the indebtedness which is the basis of this action arose from the aforesaid breaches of said bond after the administration of said estate had closed. The payment of said balance due to plaintiff was demanded from said defendants, an that each and all of them failed, neglected, and refused to pay the same or any part thereof. Plaintiff asked judgment against the defendants for two hundred and sixteen dollars and ninety-nine cents and interest.

Defendants demurred to the petition on four grounds, namely: That the petition shows that the breaches of said bond took place after the death of Theodore Teege, and after his estate had been fully administered upon; that the petition shows that during the lifetime of Theodore Teege, and during the time there was an estate of his in existence, there was no default on said bond; that the death of Theodore Teege, the administration upon his estate, the closing of said estate, and the discharge of the administrator terminated all liability upon the bond against the heirs of said Theodore Teege; that said contract of suretyship is null and void in law, for that it undertakes to bind the heirs upon a bond after the estate of the surety has been fully administered upon and closed before the default occurred upon said bond.

Appellants' counsel say, and correctly so, we think, that the only question to be determined is whether these heirs are liable on this bond for a breach thereof that did not take place until more than three years after the surety's death, and more than two years after his estate had been fully administered upon and closed, said claim never having been filed against his estate. Appellants' counsel state their contentions as follows: "First, that there can be no liability against

the estate of Theodore Teege, for the reason that it nowhere appears from the pleadings that the bond was ever filed, or filed and allowed, as an additional liability against the estate of Theodore Teege, and not having been so filed, under section 2421 of the Code of Iowa, it cannot now be asserted against his heirs and collected of them; second, that the death of Theodore Teege, the administration and closing of his estate, terminate all of his liability and that of his heirs upon the bond."

The first contention is directly answered in the negative in the opinion of this court announced in the recent case of *Wickham v. Hull*, 102 Iowa, 469, wherein we held that said section 2421 of the Code of 1873 did not apply to claims arising after the period fixed in that section for filing claims had expired. This, like that, was a contingent and undetermined claim until after the time allowed for filing claims, and therefore not subject to the limitations provided in said section. By the language of this bond, Theodore Teege not only obligated himself, but his estate in the hands of his heirs, executors and administrators. The obligation is not limited to the life of the surety, but by the termination of the agency. The bond set out in the petition, though varying in language, is identical in substance with the bond sued upon in the case of *Royal Ins. Co. v. Davies*, 40 Iowa, 469. In that case the defendant answered, alleging as defenses that John L. Davies, the surety, died on the twenty-third day of April, 1872; that thereby his estate was discharged from any further liability on said bond; and that up to the time of his decease the conditions of the bond had not been broken, but that the breaches alleged in the petition happened after the death of Davies. To this plaintiff demurred, which being overruled, and plaintiff standing thereon, judgment was rendered for the defendant, and plaintiff appealed. This court said: "By the terms of the bond the surety, Davies, bound himself, his heirs, executors,

and administrators, as surety for his principal, Kidder. This language shows no intention to limit the liability to the lifetime of the surety. On the contrary, it imports that the liability shall continue after his death, and bind his heirs and personal representatives." It is said that this intention is further manifested by further language of the bond, to the effect that Kidder will perform all his duties "for and during the time he officiated as said agent." It is argued that, as this language does not occur in the bond under consideration, the cases are distinguishable. It will be seen, by the language quoted above, that the time to which this bond was to run was the termination of the agency of Hansen "by resignation, removal, or otherwise." We see no distinction between the cases, and think the contentions of appellant are answered in the negative by said case against Davies. There was no error in overruling said demurrer ,and the judgment of the district court is therefore AFFIRMED.