CITY OF ALBERT LEA v. E. W. KNATVOLD and Another.[1]

June 5, 1903.

Nos. 13,485—(48).

Complaint—Misjoinder of Actions—Trespass.

Complaint in an action to abate a nuisance, and for an injunction, examined, and *held*:

1. The complaint states a cause of action.

2. The suit is not one to determine adverse claims nor to quiet title, and there is not a misjoinder of causes of action.

3. The interference and acts of trespass complained of were the obstruction of the public highway, certain public lands contiguous to a lake, and the public drainage system, and that such interference was the result of a continuous purpose to acquire some interest adverse to the public. *Held*: The complaint did not contain several causes of action in

1 Reported in 95 N. W. 309.

respect to each particular act—one in reference to the highway, another in respect to the public land, and another as to the drainage system— but states only one cause of action.

Appeal by defendants from an order of the district court for Freeborn county, Kingsley, J., overruling a demurrer to the complaint. Affirmed.

*J. A. Sawyer*, for appellants.

*H. H. Dunn, Carlson & Skinner* and *C. E. Southwick*, for respondent.

LEWIS, J.[2]

The complaint states that Fountain Lake was formed by damming up the waters of a creek more than twenty years ago, and that it became a navigable body of water, the title thereto vesting in the state; that the then owners of the submerged lands dedicated the same for public purposes, for which it has ever since been used. That for more than twenty years prior to the commencement of this action a certain highway bordered along a portion of the lake, which was laid out and used as such, and that the land forming the highway, together with all of the riparian rights in the lake appurtenant thereto, was dedicated and set aside by the then land owners, including defendants, to the public, for its use as a highway, and as a means of access to the waters of the lake. That, at a time about two years prior to the commencement of this action, defendants began the acts complained of, and wrongfully constructed a fence across a portion of the highway, and also placed in the highway and in the bed of the lake, between the traveled portion of the highway and the waters of the lake, various obstructions, consisting of earth, rocks, and foul substances, which caused a drain or sewer running from the highway into the lake to be filled up and obstructed, creating unwholesome odors in the vicinity. Defendants have continued in these acts, and this action was brought to compel the removal of the obstructions, and for injunction.

Defendants demurred to the complaint upon two grounds: First, that it did not state facts sufficient to constitute a cause of action;

[2] LOVELY, J., did not sit.

89 M.—31

and, second, upon the ground that several causes of action were improperly united. Demurrer having been overruled, defendants appealed.

The complaint does not state a cause of action for the quieting of title, nor to determine adverse claims. The action is purely and simply to abate a nuisance or obstruction to the public highway, public lands, and a city sewer, and for injunction, and the complaint states a cause of action. As often held by this court, the prayer for relief does not constitute a part of the cause of action.

It is clear that, under the allegations of the complaint, the lake constitutes public waters within the jurisdiction of the city, and that all of the land between the highway and the waters is public; hence the city has the right to abate any nuisance or obstruction interfering with public right within those limits. It is immaterial what the source or nature of title in the various interests may be, and it is not material that the interference with the public property and interests consists of several distinct acts. It is alleged in the complaint that the different acts have continuously, for the period of two years, been carried on by appellants, and apparently for the purpose of acquiring some interest in the premises adjoining the lake adverse to the public, and from this it appears that there has been one purpose, viz., to interfere with the public interests in that locality.

Order affirmed.