HALL *v.* COLE.

Opinion delivered November 7, 1903.

1.  EQUITY—CONTRIBUTION.—Equity has jurisdiction, where the estate of a deceased surety was settled before a cause of action on his bond accrued, to enforce contribution out of lands held by his heirs.   (Page 603.)

2.  ADMINISTRATOR'S BOND—LIMITATION.—The statute of limitations does not begin to run against a cause of action on an administrator's bond till there is final judgment in the probate court and an order to pay creditors which is violated by the administrator.   (Page 603.)

3.  JUDICIAL NOTICE—OTHER SUITS.—A court will not take judicial notice in one case of what was done in other cases in the same court.   (Page 604.)

Appeal from Yell Chancery Court, Dardanelle District.

WILLIAM L. MOOSE, Judge.

Reversed.

*G. S. Cunningham* and *Ratcliffe & Fletcher,* for appellants.

Equity may enforce against lands descended a claim against the decedent's estate, when the amount of such claim was not fully determined until after administration closed. 56 Ark. 474; 14 Ark. 246; 31 Ark. 229; 53 Ark. 291; 14 Ark. 309; 40 Ark. 433; 32 Ark. 714. The right of action on the bond can only accrue after final judgment or settlement. 40 Ark. 433, 442; 38 Ark. 474; 46 Ark. 264; 21 Ark. 408; 63 Ark. 224; 56 Ark. 474; 40 Ark. 175; 21 Ark. 447; 14 Ark. 252; 35 Ark. 93; 36 Ark. 145; 46 Ark. 260; 47 Ark. 222. There could be no final determination of the controversy until the final judgment was rendered in 1900. 40 Ark. 401; 39 Ark. 111. The report or account current ceased to be final when attacked for fraud in the chancery court, and did not become final until the judgment of 1900. 5 Ark. 468; 14 Ark. 171; 21 Ark. 447; 25 Ark. 108; 86 Tex. 207; 33 Ark. 658; 94 U. S. 146; 110 U. S. 414; 45 Ark. 495.

*Sellers & Sellers,* for appellees.

Appellants were guilty of such laches and delay in bringing the chancery suit as to destroy all equity therein. Amb., 645; 120 U. S. 377; 68 S. W. 489; 1 Bail., Eq. (S. C.), 74; 12 Am. Dec. 367; 54 *Ib.* 130; Wood, Lim., 148; 34 Oh. St. 463; 64 Ark. 345; 41 Ark. 303; 58 S. W. 672; 55 Ark. 92; 139 U. S. 693; 23 Pac. 910; 146 U. S. 101; 8. How. 221; 10 L. R. A. 125; 35 Ark. 141; 1 Wood, Lim., 151; Busw., Lim., 18; 12 Metc., 405; 19 Ark. 21; 14 Ark. 62; 43 Ark. 483; 58 Ark. 589; 33 Fed. 447; 28 Fed. 285. The statute of non-claim was a bar. Sand. & H. Dig. § 110; 18 Ark. 334; 113 U. S. 449; 45 Ark. 299; 33 Ark. 662; 39 Ark. 379; 45 Ark. 495; 39 Fed. 373; 17 Wall., 530; 79 N. Y. 133. Appellants are barred by the seven-year statute of limitation. 1 Wood, Lim, 142; 1 Bailey, S. C. Eq., 437; 3 Gilm., 597; 37 Ark. 159; 46 *Ib.* 376; 47 *Ib.* 470; 38 *Ib.* 475; 56 *Ib.* 601; 70 *Ib.* 185. The sureties are proper parties, and a judgment against them is proper. 42 Ark. 197; 16 Ark. 474; 23 Ark. 93; 30 Ark. 66; 33 Ark. 727. The sureties having been sued in a court where a judgment could have been rendered against them, this suit is barred. 19 Ark. 420; 41 Ark. 75; 3 N. Y. 173; 37 N. Y. 59; 62 S. W. 10; 79 N. Y. 634; 5 Ark. 424; 20 Ark. 85; 19 Ark. 677; VanVleet's Form, Adj., §§ 173, 174; 4 Oh. St. 680; 10 Gray, 231; 14 Pac. 558; 13 Pac. 442. Limitation will run from the time when by reasonable diligence the claim could have been matured. 36 Mich. 187; 25 Pa. St. 154. The liability of sureties is strictly construed. 60 N. Y. 158; 61 N. Y.

360; 9 Wheat. 680; 82 Cal. 169; 92 U. S. 98. A creditor can not sue the estate or heirs of one of several joint sureties after the sureties' death. 24 Am. & Eng. Enc. Law, 817; 1 Br. Sur., 139.

HUGHES, J. This action was brought in equity by the appellants on the —— day of October, 1900, against the appellees, heirs of the sureties on the bond of W. D. Jacoway, as administrator of the estate of Samuel Dickens, of whose estate said Jacoway was appointed administrator on the 16th of March, 1867, and gave bond, with J. M. Cole, Robert P. Parks and others as sureties. The object of this action was to subject to sale lands of said sureties to the payment of debts for which the administrator Jacoway was finally adjudged liable on the —— day of August, 1900, and was ordered to pay by the probate court of Yell county, and which it is alleged in the complaint he failed to pay. The lands which it was sought to subject to sale were the lands of James M. Cole and Robert Parks, the sureties on the bond of Jacoway, which had descended to the appellees, their heirs, respectively, after their death, and after administration had been had on their estate and closed, and their administrators had been discharged many years before. A demurrer to the complaint was filed and sustained, and an appeal taken to this court.

As to the power of a court of equity to decree relief in a case of this kind, see *Berton* v. *Anderson,* 56 Ark. 470, 20 S. W. 250, where it is said: "The administration upon Anderson's estate having been closed before the accrual of plaintiff's cause of action, he was without remedy in the probate court, or by any proceedings at law. Mansf. Dig. § 98; *Walker* v. *Byers,* 14 Ark. 246. And it is settled by previous decisions of the court that in such case the lands of a deceased co-security, while they are held by his heirs, may, in equity, be subjected to contribution."

But it is contended that it appears that this action was barred by limitation at the time it was commenced. It appears from the complaint that it was brought in less than thirty days after there was a final judgment against the administrator and an order of payment in the probate court. Until this time no cause of action accrued. It is alleged in the complaint that there was no final judgment against the administrator of Samuel Dickens' estate until August, 1900, and this cause was commenced in October, 1900, within the period of limitations as set out in the demurrer. Long before that time the estates of James M. Cole and Robert P. Parks

had been wound up and the lands of the estates had been turned over to the heirs. It is also alleged that the original proceeding to falsify and surcharge the accounts of the administrator of the Dickens estate was commenced in 1876, and has been continuously in process of litigation since that time, having been at three different times in this court, and reported respectively in *Dyer* v. *Jacoway,* 42 Ark. 186; *Id.,* 50 Ark. 217; and *Jacoway* v. *Hall,* 67 Ark. 340. In this last case, in 67 Ark., it seems that the clerk of this court was directed to restate the account of Jacoway as administrator of the estate, which was accordingly done, and the amount due from the administrator ascertained. This was sent to the Yell circuit court, and final judgment for the first time was rendered in the history of the litigation. This was in 1900. Until there is a final judgment, and an order to pay creditors by the probate court, and violated by the administrator, no cause of action accrues to the creditors, and the statute of limitations does not begin to run. *Hall* v. *Bruce,* 40 Ark., 433; *Fort* v. *Blagg,* 38 Ark. 474; *George* v. *Elms,* 46 Ark. 264.

Section 4830, Sandels & Hill's Digest, provides that "actions on the bonds of executors and administrators shall be commenced within eight years after the cause of action shall accrue, and not afterwards." The counsel for appellee in his argument on the demurrer seeks to rely upon the judgment and order of payment of 39 cents and 8 mills on the dollar to appellants on their claims, made by the probate court of Yell county in 1875, to support his contention that the statute of limitation bars this action. But that is not in this case. This court does not take judicial notice of what was done in other cases in the court. If it be true that that judgment and order of payment was made, and violated by the administrator, if it were pleaded and were legitimately before this court for consideration, I suppose it could be shown as a bar, if at all, to a suit for 39 cents and 8 mills on the dollar, and might bar only a suit for that much, and would not bar a suit for any other amount that might be due by the administrator. But that is not before us.

The complaint, in our opinion, states a cause of action within the jurisdiction of the chancery court, and does show that the right of action was not barred. The judgment sustaining the demurrer to the complaint is reversed, with directions to overrule the demurrer.