### ELIZA M. DEWING v. SAMUEL DEWING and Others.[1]

October 28, 1910.

Nos. 16,809—(61).

**Number of causes of action determined by the facts.**

The question whether a complaint states more than one cause of action is to be determined, not by its form, nor by the numbering and labeling of its different paragraphs by the pleader, but by the facts alleged therein. The complaint herein states a cause of action, and only one.

Action in the district court for McLeod county against Samuel Dewing, Louise Dewing and Frank Klaus, as sheriff, to have set aside for fraud two certain judgments against plaintiff's husband, and to restrain defendants from enforcing the judgments against his property. Defendant Samuel Dewing and defendant Frank Klaus, the sheriff of said county, demurred to the complaint on the ground that two causes of action are improperly united, and defendant Louise Dewing demurred on the same ground and on the additional ground that as to her it did not state a cause of action. From an order, Morrison, J., overruling the demurrers, defendants Sam-

[1]Reported in 127 N. W. 1051.

uel Dewing and Frank Klaus appealed, and Louise Dewing separately appealed. Affirmed.

*F. R. Allen,* for appellants.

*C. G. Odquist* and *Sam G. Anderson, Jr.,* for respondent.

START, C. J.

The plaintiff commenced this action in the district court of the county of McLeod to secure equitable relief only. The defendant Louise Dewing demurred to the complaint, upon the grounds that two separate causes of action were improperly united therein and that the facts alleged were not sufficient to constitute a cause of action as to her. The other defendants jointly demurred, on the sole ground that two causes of action were improperly united. They appealed from an order overruling their demurrer, and the other defendant also appealed from the order which also overruled her demurrer.

The complaint, reduced to its lowest terms, alleged that Walter W. Dewing was the owner of real estate of the value of $6,000 in the county of McLeod, and son of the defendants Dewing; that his parents alienated his affections for the plaintiff, his wife, and by reason thereof he deserted her; that they entered into a conspiracy wrongfully to defraud the plaintiff of her inchoate interest in her husband's real estate, and to deprive her of maintenance and alimony from him; that in the execution of such conspiracy they procured a fraudulent judgment in the sum of $3,170 to be entered against him in the district court of McLeod county in the name of his father, which was based on no consideration whatever, and was secured by their fraud and artifice, whereby they persuaded him not to defend the action; that in further pursuance of the conspiracy they caused, by the same means and for the same purpose, to be entered against him in the same court a second fraudulent judgment, based on no consideration, in the sum of $1,074.85, in the name of his father; and, further, that the father and the defendant Klaus, as sheriff of the county, were about to sell the land of the son by virtue of the second fraudulent judgment. The allegations as to the second judgment and the attempt to enforce it are numbered and labeled in the com-

plaint as "a second and further cause of action." The relief demanded in the complaint is to the effect that the judgments be set aside, that the selling of the son's land on execution be restrained, and for general relief.

The first question is whether two causes of action are improperly united. It is to be noted in this connection that the joint demurrer of the defendants Samuel Dewing and Sheriff Klaus does not challenge the sufficiency of the allegations of the complaint to constitute a cause of action as to either or both of them. It is, then, unnecessary to inquire whether the complaint alleges facts constituting a cause of action against the sheriff, or whether he was a necessary party. It is apparent that, if the complaint states but one cause of action, he was a proper party. Whether the complaint states more than one cause of action is to be determined, not by its form, nor by the numbering and labeling of its different paragraphs by the pleader, but by the facts alleged therein.

If the complaint be read with this in mind, it is obvious that the complaint states only one cause of action, viz., a conspiracy on the part of the parents of the plaintiff's husband to deprive her of her inchoate interest in his land, and of the means whereby she might otherwise secure maintenance from him, and the threatened execution of the conspiracy by means of the fraudulent judgments. The entry of the separate judgments and the attempted enforcement of one of them are not causes of action, but simply successive steps taken by one or both of the conspirators in the execution of the conspiracy. The complaint states but one cause of action.

The only other question is whether the complaint states a cause of action as to Mrs. Dewing, the mother. Her contention is that she has no interest in nor power over the judgments. If this be conceded, it is not a controlling factor in the solution of the question; for it is immaterial whether a conspirator owns or controls an instrumentality which is to be used by the conspirators in the execution of their common purpose. If the allegations of the complaint be true, then the plaintiff is legally entitled to some relief, and at least to the extent of enjoining both husband and wife, and each of them,

from the further execution of their conspiracy. The complaint states a cause of action as to Mrs. Dewing.

Order affirmed as to all of the defendants.