MARION BAKER, Appellee, v. W. E. BAKER et al., Appellants.

No. 43154.

December 17, 1935.

Roscoe S. Jones, for administrator-appellant G. G. Jeck.

G. C. Dalton, for all other appellants.

Swan, Martin & Martin, for appellee.

POWERS, J.—Marion Baker, appellee herein, was the beneficiary of a trust created by the will of his grandfather. The trust was administered as a trust estate by the district court of Cass county. W. E. Baker was named as trustee in June, 1922, and filed with the clerk of said court a trustee's bond with J. H. Baker and S. H. Albright as sureties. The bond, by its terms, bound not only the sureties, but their "executors, administrators, heirs, devisees, and legal representatives." Under the terms of the trust, Marion Baker was to receive the fund when he became of age. He reached his majority in April, 1932. Thereafter, he instituted proceedings in the trusteeship to require the trustee to report. The trustee, subsequently and on September 9, 1933, filed his first and final report to which the beneficiary filed objections. A hearing was had which resulted in an order entered on the 17th day of October, 1933, fixing the amount of trust funds in the hands of the trustee at $9,403.54, and requiring the trustee to turn over to Marion Baker that amount. The trustee has never complied with that order.

Prior thereto, and on the 12th day of March, 1924, J. H. Baker, one of the sureties on the bond, died. He left a will giving all his property to his widow, Catherine Baker, who elected to take under the will. She was named as executrix and his estate was duly probated. An order was made approving the final report of the executrix and discharging her about the first day of December, 1925. Among the assets of the estate was real estate consisting of town lots in the town of Lewis, and 160 acres of farm land in Cass county. The widow claimed only a life estate in these lands and deeded them, subject to a life estate in herself, without valuable consideration, to her children, who were the children and legal heirs of the deceased. These children are the defendants-appellants herein, Grace M. Burnside, Mabel M. Sheets, Charley E. Baker, Eva P. Smart, and W. E. Baker. The widow also received in cash about $2,273.78, which she consumed during her lifetime. She died in February, 1933, and her estate is in process of settlement. The defendant-appellant Jeck is the administrator.

The present action is in equity. It is by the beneficiary of the trust against Albright, the living surety, and against the estate of the widow of J. H. Baker, the deceased surety, who received the estate of J. H. Baker, and against the children of J. H. Baker, who are now in possession thereof under a convey-

ance from their mother. The petition is Hydra-headed in form and in it the plaintiff seeks a great variety of relief. It sets up in detail the facts of which the foregoing is a brief outline. It is in three counts. The material allegations are substantially the same in each count. In the first count, the plaintiff prays that the estate of J. H. Baker be reopened and that an administrator be appointed thereof, and that plaintiff's claim be allowed therein, and that personal judgment be entered against W. E. Baker, the trustee, and S. H. Albright, the living surety. In the second count, plaintiff asks that the claim be established for the amount of his demand against the estate of Catherine Baker and that judgment be entered against W. E. Baker and S. H. Albright, and that plaintiff's claim be established as a first lien upon all the real estate and personal property in the estate of Catherine Baker which she received from the estate of J. H. Baker, including the real estate which Catherine Baker, during her lifetime, conveyed to the four children. In the third count, plaintiff prays for judgment against all the defendants for the amount of plaintiff's demand, and that any property in the hands of any of the defendants received by them from the estate of J. H. Baker, deceased, be impressed with a trust in favor of the plaintiff, and that in the event any of said defendants have converted any of such property, that judgment be entered against them for the value of the property so converted, and for general equitable relief. S. H. Albright did not make defense, but suffered judgment to be entered against him by default.

The trial court in its decree reopened the estate of J. H. Baker, appointed an administrator *de bonis non* in said estate, allowed the claim of the plaintiff against said estate, established a lien against the real estate consisting of town lots and farm lands hereinabove described, directed the administrator to sell said real estate and collect the amount of plaintiff's claim therefrom, and allowed a claim against the estate of Catherine Baker, deceased, in the sum of $2,273.78.

■■■ I. Appellants complain of the failure of the court to sustain a motion to dismiss on the ground that there was a misjoinder of parties and causes of action in appellee's petition. A motion to dismiss is the proper remedy in such a situation. McPherson v. Commercial Bldg. & Sec. Co., 206 Iowa 562, 218 N. W. 306.

■■■ Our first inquiry is as to whether or not there was, in fact, pleaded here more than one cause of action. It is the claim of appellants that the asserted right to reopen the estate of J. H. Baker, the deceased surety, to have an administrator appointed therein and a claim allowed therein, and to have a claim allowed in the estate of Catherine Baker, and to have judgment against S. H. Albright, the living surety, and to have a lien impressed on certain property now in possession of the children of J. H. Baker, are all separate causes of action. A cause of action consists of the existence of a right in the plaintiff and a violation of that right by the defendant. It must not be confused with remedies prayed for. It is to be found in the facts stated in the petition, not in the prayer for relief. The prayer may be an aid in interpreting the petition and in determining whether or not more than one cause of action is pleaded. But a prayer for relief alone never states a cause of action. A cause of action may be single although the plaintiff seeks a variety of remedies. He may seek to right a single wrong by numerous separate operations. He may pray for alternate relief. He may pray for more relief than he is entitled to. The mere fact, therefore, that plaintiff prays for multiple relief does not indicate that he has stated more than one cause of action. Emory v. Hazard P. Co., 22 S. C. 476, 53 Am. Rep. 730; City of Albert Lea v. Knatvold, 89 Minn. 480, 95 N. W. 309; Brickner Woolen Mills Co. v. Henry, 73 Wis. 229, 40 N. W. 809; South Bend Chilled Plow Co. v. George C. Cribb Co., 105 Wis. 443, 81 N. W. 675; Randall v. Johnstone, 20 N. D. 493, 128 N. W. 687. The fact that plaintiff's petition is in several counts is not conclusive on the question as to whether or not he has stated more than one cause of action. Strothers v. Leigh, 151 Iowa 214, 130 N. W. 1019. It is the substance, not the form, that is controlling. Dewing v. Dewing, 112 Minn. 316, 127 N. W. 1051; Stubly v. Beachboard, 68 Mich. 401, 36 N. W. 192; Marston v. Dresen, 76 Wis. 418, 45 N. W. 110. In the instant case, the plaintiff seeks only the amount due him upon the bond. He seeks it only from the persons and property which he alleges are liable under the terms of the bond for its payment. Only one primary right of the plaintiff was violated. He alleges no more than that. He seeks redress for but a single wrong, the failure to make good the covenant in the bond. Under such circumstances, we think he pleads only one cause of action. This is true although he asked for

multiple relief and more relief than he was entitled to. It follows that the motion to dismiss on the ground of misjoinder of parties and causes of action was properly overruled.

■■■ II. Appellants, by answer, pleaded some special defenses, which will be hereafter noted, and a general denial. None of the defendants-appellants, however, by any pleading asserted in the trial that the petition did not state a cause of action. We do not understand that they are now challenging the general proposition upon which plaintiff-appellee relies. A bond of·a fiduciary, under the terms of which a surety purports to bind his heirs, devisees, and personal representatives, is not revoked by the death of the surety, but continues in force and will bind the estate of the surety in the hands of his heirs, devisees, or personal representatives. Security Fire Ins. Co. v. Hansen, 104 Iowa 264, 73 N. W. 596. We are committed to the rule that a covenant of that nature binds not only heirs, but devisees to the extent of the property they received, and that this is true whether the property received be real or personal property, there is no distinction except possibly in the manner in which it is to be reached. It is said that a lien may be impressed on the real estate in the hands of the heirs or devisees and a claim established against the heirs and devisees for the value of the personalty received. McClure v. Dee, 115 Iowa 546, 88 N. W. 1093, 91 Am. St. Rep. 181.

■■■ Coming now to the special defenses, it is asserted that because no claim was made against the estate of the deceased surety within the time prescribed by statute (Code 1931, section 11972), that the claim is barred. But we have held that the statute of nonclaim has no application to claims of this character which arise after the death of decedent. Security Fire Ins. Co. v. Hansen, 104 Iowa 264, 73 N. W. 596.

It is claimed further that the general rule is not applicable here because the real estate which the court impressed with a lien is not in the hands of the children of J. H. Baker, the deceased surety, either as heirs or devisees, that they hold under a conveyance from their mother, Catherine Baker, who obtained it as a devisee of J. H. Baker. This statement, together with a statement of the further facts that the conveyance from Catherine Baker to the children was voluntary and without valuable consideration, and reserved a life estate in the grantor, so that the conveyance did not vest the property in possession

of the children until the death of Catherine Baker, presents a correct picture of the situation. But does the existence of the mesne voluntary conveyance relieve the property of the burden it would otherwise be required to carry? No authority is cited by either side directly in point and we have been unable to find any. In a Virginia case, Waller's Ex'rs v. Ellis, 2 Munf. (16 Va.) 88, it was held that in such a situation property could be reached in the hands of an heir of an heir. In an Arkansas case, Berton v. Anderson, 56 Ark. 470, 20 S. W. 250, it was held that where one of several heirs had purchased the interest of the other heirs and become sole owner, that the part of the property he received as heir could be reached, but not the part he acquired by purchase. The holding, however, is placed solely upon the ground that as to such property he was a bona fide holder for value. Ordinarily, the power or the duty of a court of equity to impress a lien upon property is not affected by a conveyance of the property to one who pays nothing of value for it. Such a conveyance does not usually vest in the grantee any greater right in the property than the grantor had. We see no reason why a different rule should apply here. We think the logic of the situation impels the conclusion that a lien may be impressed on the real estate in the hands of the children of the deceased under the circumstances here.

No error appears in the action of the trial court in establishing a claim against the estate of Catherine Baker for the amount of personal property which she received from the estate of J. H. Baker and consumed during her lifetime. If she were living, she would be liable to the extent of the value of such property. The liability arose during the time her estate was in process of settlement and before it was closed. It grew out of the fact that she received and used certain property during her lifetime. We see no good reasons, and none are suggested, why the liability should not constitute a proper claim against her estate the same as any other obligation of the deceased. The situation is not unlike the case where liability of a stock assessment arises after the death of the stockholder. Such claims may be established against the estate of the deceased owner where the estate is still open and unsettled. There seems to be no rational basis on which a distinction can be made between claims of that character and the claim here under consideration.

■■■ III. Appellants rely largely on the claim that there

has been no loss of trust funds for which the bond was liable. It appears that the trustee, shortly after receiving the funds, deposited them in a private bank at Lewis; that shortly thereafter the bank closed; that the amount of the deposit at that time amounted to approximately $9,600; that with the approval of the court the trustee settled with the receiver of the bank and took assets of the bank consisting of the trustee's notes to the bank for $7,800 and cash for $1,800. Appellants' claim is that since this was done by authority of court, that it binds the trust estate and that the notes of the trustee are a part of the trust estate which the beneficiary should be required to take at their face value. The short answer to this contention is that it was fully litigated on the objections of the beneficiary to the trustee's report and was determined by the order of the court requiring the trustee to turn over to the beneficiary $9,403.54. That judgment of the court on the trial of that issue in the trusteeship proceedings is a final order. It has never been appealed from. It is a finality so far as it fixes the obligation of the trustee to account. It cannot be collaterally attacked in this proceedings. The issue therein tried and determined cannot be retried here.

But the appellants say that they were not parties to that proceedings and, therefore, they are not bound. They rely on the well-recognized proposition that persons not parties to a proceedings are not bound by a judgment therein rendered. They overlook the provisions of the bond, the very purpose of the bond, and their relation to the bond. The condition of the bond was broken by a failure of the trustee to turn over the fund in accordance with the court's order. When the obligation of the fiduciary has been determined, the extent of the liability on the bond becomes fixed. The sureties on the bond are not entitled to relitigate, separately, the question of the principal's obligation, at least in the absence of a charge of fraud or collusion. Dodds v. Cartwright, 209 Iowa 835, 226 N. W. 918; Knepper, Adm'r, v. Glenn, 73 Iowa 730, 36 N. W. 763; Knox, Guardian, v. Kearns, 73 Iowa 286, 34 N. W. 861; Tucker v. Stewart, 147 Iowa 294, 295, 126 N. W. 183; In re Carpenter's Estate, 210 Iowa 553, 231 N. W. 376; In re Kessler's Estate, 213 Iowa 633, 239 N. W. 555; In re Estate of Holman, 216 Iowa 1186, 250 N. W. 498, 93 A. L. R. 1363.

IV. Appellants also complain of the action of the trial court in setting aside the order approving the final report

in the J. H. Baker estate. Appellants contend that to justify the opening of the settlement of an estate, at least after three months has expired (section 12051, Code 1931), fraud or mistake must be shown. We think there is justification for this view. Bradbury v. Wells, 138 Iowa 673, 115 N. W. 880, 16 L. R. A. (N. S.) 240; In re Estate of Holman, 216 Iowa 1186, 250 N. W. 498, 93 A. L. R. 1363. No satisfactory reason appears for reopening. There is no claim anything done in the estate was erroneous or in any sense improper. Nor is it claimed the property of the estate was not fully administered and distribution thereof properly made. Section 11892, Code 1931. Such reopening is not necessary to afford to plaintiff-appellee the relief to which he was entitled. Indeed, the right to subject the property of the estate in the hands of the heirs and devisees is ordinarily dependent upon the estate being closed. McClure v. Dee, 115 Iowa 546, 88 N. W. 1093, 91 Am. St. Rep. 181. The presence of the property in the possession of the heirs and devisees presupposes that it is no longer in the possession of an executor or administrator.

■■■ The trial court in this case impressed with a lien the property in the possession of the heirs. That was proper because it was in their possession when a breach of the bond occurred and action thereon was instituted. There was no need to do more so far as any property which could be reached by reopening the estate is concerned, except to provide that a special execution issue for the sale of the property to satisfy that lien.

The foregoing disposes of all of the substantial questions in the case. Further extension of the opinion does not appear justified. The decree of the trial court will be modified to the extent of eliminating therefrom the provision for reopening the estate of J. H. Baker and the appointment of an administrator de bonis non therein, and the allowance of a claim therein, and will be further modified so as to provide for the issuance of a special execution for the sale of the property upon which the decree impresses a lien.

As thus modified, the decree of the trial court is hereby affirmed. The motion of appellee to dismiss the appeal, which was ordered submitted with the case, is overruled.—Modified and affirmed.

KINTZINGER, C. J., and all Associate Justices concur.