## WEBER v. NOTH ET AL.

1. **Administrator:** LIABILITY OF SURETIES: CLAIM ALLOWED WHEN BARRED BY STATUTE. Where a claim against the estate of a deceased person, barred by the statute for a failure to present the same within the time prescribed, was afterward allowed by the administrator and ordered by the court to be paid, *held*, that the sureties upon the administrator's bond were liable for his failure to pay the claim out of the funds of the estate in his hands, and that they could not urge in defense that the claim was barred by the statute at the time of its allowance.

*Appeal from Scott Circuit Court.*

WEDNESDAY, JUNE 11.

THE defendant John Noth was duly appointed administrator of the estate of George Noth, deceased, by the Circuit

Court of Scott county. On the 21st day of April, 1876, there was filed in said court an administrator's notice of appointment, with proper proof that the same had been duly published, on the 6th day of March, 1876, by posting in three public places. On the 28th day of April, 1876, an administrator's bond, signed by the defendant John Noth as principal, and the defendants John G. Baumier and Fried. Kautz as sureties, was filed and approved by the court. On the 16th day of July, 1877, Andrew Weber, the plaintiff, filed a claim against said estate for four thousand dollars. The affidavit of the plaintiff to the correctness of the claim was attached thereto, and it was indorsed as follows:

"Examined and allowed the 18th day of July, 1877, in the sum of four thousand dollars, with interest at the rate of ten per cent per annum from December 28, 1876.

"JOHN NOTH, Executor."

On the 7th day of December, 1877, the said administrator filed his second and final report, by which it appeared that there was in his hands as assets of said estate the sum of eight hundred and ninety-three dollars and twenty-eight cents, with interest at six per cent per annum from July 21, 1875. It was further shown, by said report, that the debt due the plaintiff was the only claim filed against the estate, except the claims for expenses of administration, including attorneys' fees. The administrator asked that his report be approved, and that an order be made directing him to pay the costs of administration, amounting to sixty-five dollars, and to pay the balance in his hands, with interest as aforesaid, to the said Andrew Weber. On the same day the court made the order as prayed. In this order the claim of the plaintiff, Weber, "was allowed and approved as a good and valid claim against the estate of said deceased." The administrator failed to pay the amount found in his hands to be due to the plaintiff, and application was made to the court, under the provisions of section 2435 of the Code, for judgment upon the bond of the administrator against the principal and sure-

ties thereto. There was a trial by the court. Judgment was rendered for the plaintiff, and against the administrator, for the amount found to be in his hands. It was further found that the sureties in the administration bond were not liable for the claim of said Weber by reason of the statute of limitations. Andrew Weber appeals.

*Claussen & Heinz*, for appellant.

*Parker & Gabbert*, for appellees.

ROTHROCK, J.—The claim of the plaintiff was for money loaned to the decedent. It was not filed and proved within twelve months of the giving of the notice of administration. It was, therefore, embraced in the fourth class of claims as designated in section 2420 of the Code. Section 2421 is as follows: "All claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid (notice of administration) are forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief." The court below found as a fact that the amount reported by the administrator as in his hands was in his possession, or under his control. The allowance of the claim of Weber, and its approval by the court, and the order directing the administrator to make payment to Weber are now in full force and effect. These proceedings have never been attacked nor questioned by any creditor of the estate, or heir of the decedent. The ground upon which the court below discharged the sureties was that they "do not appear to have had any knowledge of the allowance of said claim by said executor after the bar of the statute had arisen, nor does it appear that they have had any opportunity to defend against the claim, and action of the executor thereon, until the institution of the present proceedings."

Section 2435 of the Code is as follows: "If the executors

*Margin note:* 1. ADMINISTRATOR: liability of sureties: claim allowed when barred by statute.

fail to make payment of any kind, in accordance with the order of the court, any person aggrieved by their failure may, on ten days' notice to the executors and their sureties, apply to the court for judgment against them on the bond of the executors. The court shall hear the application in a summary manner, and may render judgment against them on the bond for the amount of money directed to be paid, and costs, and issue execution against them therefor."

The condition of the administrator's bond required that said Noth should discharge all the duties required of him by law as such administrator.

The question we are required to determine is, can the sureties escape liability because the claim of Weber was barred by the statute of limitations when it was approved by the administrator and allowed by the court?

Counsel for the parties have cited us to numerous authorities bearing upon the question. To some of these we will direct our attention.

In *Garber v. The Commonwealth*, 7 Pa. St., 265, it was held that a decree of the Orphan's Court against an administrator is conclusive as to his sureties. The court says: "The parties refer themselves to the Orphan's Court as the proper tribunal to settle the accounts of the administrator."

In *People v. White*, 11 Ill., 341, it is held that the sureties in an administrator's bond are liable, even when the administrator is discharged by operation of law, and not by the voluntary act of the creditor.

In *Ralston v. Wood*, 15 Ill., 159, it is held that an order of a Probate Court against an administrator, ordering him to pay over money in his hands to an heir, is conclusive, and if not complied with entitles the person in whose favor it is made to recover upon the administrator's bond, against principal and surety, and the judgment or order requiring payment cannot be inquired into, except for fraud.

In *Williamson v. Howell*, 4 Ala., 693, it was held that the surety of an administrator, in the absence of fraud, is con-

cluded by the settlement of his principal with the Orphan's Court, and to constitute fraud in the settlement the legatees or those interested in the settlement must be shown to have colluded with the administrator. The following cases also support the same principle: *Irwin v. Backus*, 25 Cal., and *Hobbs v. Middleton*, 1 J. J. Marshall, 176.

Upon the other hand, in *Robinson v. Hodge*, 117 Mass., 222, it was held that the sureties in an administrator's bond cannot be held liable to a creditor of the estate for the amount of a judgment obtained by him in a suit commenced after the claim was barred by statute, the administrator having failed to avail himself of the bar of the statute. This case follows *Davis v. Shedd*, 15 Mass., 7. In *Gookin v. Sanford*, 3 N. H., 491, and other cases, the same principle is announced.

It is proper to say that the decisions upon the question have been, in some cases, controlled by peculiar statutory provisions. For example, the statute of Massachusetts creating the bar is absolute, and contains no provision for equitable relief under peculiar circumstances, such as we have in Code, § 2421. And, again, in some of the States where the liability of the sureties is held to be absolute, except for fraud, the statutes seem to imply such liability. While, therefore, there seem to be numerous authorities upon the question, some of which are in undoubted conflict, much of their force is lost by reason of the statutory provisions of the respective States where the cases have arisen.

We think, under our statute and mode of procedure, the undertaking of the surety of an administrator is that he will be liable for whatever amount there may be found in the hands of his principal upon a settlement in the Circuit Court, and that he should not be allowed to impeach such settlement and order of the court except for fraud. In the case at bar it is not claimed that the order of the Circuit Court was improper because the defendant Noth was not indebted to the estate as administrator in the amount now demanded, but the objection is that the court ordered payment to be made to a

party not entitled thereto because his claim was barred by the statute of limitations.

Section 2435, which authorizes the proceeding at bar, provides for a hearing of the application in a summary manner by the court. It does not contemplate that the previous order, requiring the administrator to make payment, shall be ignored by allowing the sureties to interpose any defense of which the administrator should have availed himself upon the settlement of his accounts and the allowance of claims. It is the better rule to limit the inquiry, as is done in some of the above-cited cases, to a defense founded upon fraud and collusion between the administrator and heirs, or creditors, and upon that alone.

It is urged by counsel for appellee that it was incumbent upon the claimant to first establish a *devastavit*, by action against the administrator, before an action upon the bond could be maintained against the sureties. Authorities are cited which support the proposition contended for. But this proceeding is expressly authorized by section 2435 of the Code. The only prerequisite to the maintenance of the action is a failure by the administrator to make payment in accordance with the order of the court; and, while it is true such order is not a judgment in a technical sense, yet it is an adjudication as conclusive upon the administrator of all the questions involved as a judgment upon which execution might issue.

We are clearly of the opinion that it was not competent for the sureties to put in issue the grounds upon which the claim was established as a valid claim against the estate, as that it was barred by the statute of limitations. We are the more ready to adopt this rule because our statutory bar is not absolute, but entitles a claimant to equitable relief upon a proper showing. The sureties should not be discharged because, possibly, an erroneous order was made for payment to a creditor instead of the heirs of the decedent.

REVERSED.