KNOX, GUARDIAN, v. KEARNS ET AL.

1. **Guardian**: FINAL REPORT: ORDER TO PAY: SURETIES BOUND BY. A guardian, after having spent the money of her wards, resigned, and filed a final report, showing her in debt to her wards, and the court ordered her to pay to her successor, which she failed to do. Her successor brought this action to recover of her sureties. It seems that the money was spent largely for the necessities of the wards, though without any authority from the court, and that, had a proper showing and application been made in the final report, the court might have sanctioned the expenditure, and given her credit therefor in her account; but this was not done. *Held* that the order to pay had the effect of an adjudication, and that it was too late in this action to set up the facts and secure such credit,—no fraud being shown to invalidate the order itself.

2. ————: ADDITIONAL BOND: EXTENT OF SURETIES' LIABILITY. The sureties on an additional bond given by a guardian after she had expended some of the money of her wards, when they were sued on the bond, insisted that they ought not to be held for the money so previously expended. But the bond provided, among other things, that the guardian should "faithfully discharge the office and trust of such guardian according to law." *Held* that this condition required her to pay what she was ordered to pay as guardian, and that for a breach of such order the sureties were liable for the whole amount ordered to be paid.

3. ————: THREE WARDS: ONE BOND: JUDGMENT FOR TWO WARDS. Where there were three wards, and the guardian gave one bond to secure them all, *held*, in an action on the bond for the interests of only two of the wards, that the judgment should not have been for more than two-thirds the penalty of the bond. (*Hooks v. Evans*, 68 Iowa, 52, followed.)

*Appeal from Benton District Court.*

THURSDAY, OCTOBER 27.

ACTION upon a guardian's bond. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal.

*Nichols & Burnham*, for appellants.

*Gilchrist & Haines*, for appellee.

ADAMS, CH. J.—The plaintiff is the guardian of Olive E.

Edmonds and Ida M. Edmonds. This action is brought

**1. GUARDIAN: final report: order to pay: sureties bound by.**
against the defendants, Eliza R. Kearns, S. B Crane and Samuel Aungst, as sureties upon the bond of a former guardian of his wards, one Laura M. Edmonds. This former guardian was the mother of the wards. After having spent the money of her wards. she resigned, and the plaintiff was appointed to succeed her. At the time she tendered her resignation, she filed her final report, showing a certain amount due from her to her wards, and the amount thus shown to be due the court ordered her to pay to her successor. She failed to obey the order, and this action is brought against her sureties for breach of the bond.

The fact appears to be that Mrs. Edmonds was in destitute circumstances, and was unable to support her children without resorting to their funds. It seems clear that the circumstances were such that she would have been entitled to an order authorizing her to use the funds of her wards for their support, and, though she proceeded to use the funds without such order, it may be that the court at the time the final report was acted upon would, if application had been made, have sanctioned the use theretofore made, and given her a credit therefor in her account. But such application was not made, and the order of payment followed as a matter of course. The defendants insist that Mrs. Edmonds, in failing to apply for the allowance and credit which she might have had, was guilty of a fraud upon them as her sureties. We have to confess that it appears to be a hardship upon these sureties to suffer the loss in question under the circumstances of the case, and we should not be unwilling to see them relieved, if relief could be granted them consistently with the rules of law. But it is not denied that the order in question has the force of an adjudication, and that, under the well-established rules of law, the sureties are bound by it, unless they show that it was procured by fraud. This they claim that they have done, but it appears to us that the evi-

dence falls short of it. The most that we can infer from the evidence is that Mrs. Edmonds was ignorant and thoughtless. She suffered her report to be drawn by attorneys. Whether they knew what her legal rights and duties were does not appear, but we are satisfied that she did not. Her failure to apply for an allowance was against her own interest, though it results in a benefit to her children. We have examined the evidence with considerable care, and have to say that we do not think that she intended to do anything wrong.

The defendants contend, however, that they were not liable to pay the full amount which Mrs. Edmonds was

2. ——: additional bond: extent of sureties' liability.

ordered to pay, because the bond which they signed was not her original bond, but was given as an additional bond, and long after some of the funds in question had come into her hands, and had been expended by her. One of the conditions of the bond sued on is that the guardian will " pay to said minors all moneys * * * which may come into the hands or possession of the guardian." If this were all, it might be contended, with some reason, that it was not intended to cover past misappropriations. But there is another condition, and that is that their principal " shall faithfully discharge the office and trust of such guardian according to law." Now, the discharge of her office and trust as guardian required her to pay what she was ordered to pay as guardian. We think, therefore, that by the terms of the bond the sureties became liable to pay what the principal was ordered to pay.

One position of the appellants appears to us to be well taken. The bond was given for the benefit of three wards,

3. ——: three wards: one bond: judgment for two wards.

and the penalty is only $4,000. This action is brought for only two of the wards. Each was allowed to recover more than one-third of the penalty of the bond. This court held in *Hooks v. Evans*, 68 Iowa, 52, that, where one bond is given for the benefit of several wards, recoveries cannot be had which, in the aggregate, will exceed the penalty of the bond; nor can they be

such that the rights of wards not parties to the action will oe impaired. Under the ruling in *Hooks v. Evans*, the judgment must be

REVERSED.