A. B. STEINER *et al.* v. FRANK A. LENZ *et al.*, Appellants.

New Trial: DEFENSE BEFORE JUDGMENT. The defense by a guardian, that, in his filed accounts, he had charged himself with too high a rate of interest for the use of his ward's money, when not made before judgment against him as guardian including such interest, is not ground for setting aside such judgment, especially where it does not appear that any injustice was done, though it does appear that the guardian reported, under mistake of law, and that his bondsmen were ignorant of his doings.

JUDGMENT BY CONSENT. It is error to disturb a judgment rendered by agreement of the parties, which is not shown to have been the result of collusion or rendered to promote an illegal or improper purpose.

Probate Orders: VENUE: *Jurisdiction*. Code 1873. section 2313, as amended by Acts Twenty-first General Assembly, chapter 144, providing that, where there is no contest, the hearing in the district court of a matter of probate may be had at any place within the district to which the county in which the business is pending belongs, does not, for want of jurisdiction, render void an order entered by consent within the judicial district, though not within the county, in which the probate proceedings were pending, there having been no contest and the order having been subsequently approved in term time in the proper county.

*Appeal from Floyd District Court.*—HON. J. F. CLYDE, Judge.

FRIDAY, DECEMBER 15, 1899.

ACTION in equity to have set aside an order approving a guardian's report, and requiring the guardian to pay to his ward a specified sum of money. There was a hearing on the merits, and a decree for the plaintiffs. The defendants appeal.—REVERSED.

*Zink & Roseberry* for appellants.

*McDuffie & Keenan* and *I. T. Martin* for appellees.

ROBINSON, C. J.—In March, 1878, the plaintiff A. B. Steiner married Mrs. Lenz. She was at that time the legal guardian of her children, Pauline Mary Lenz and Frank A. Lenz, who were then minors. Soon after their marriage, Steiner, with his wife and the children, moved to Le Mars, where he has since made his home. Soon after going to Le Mars, he received from his wife seven hundred and fifty dollars which belonged to her wards, and used it in purchasing a business interest in Le Mars. In May, 1880, he was appointed by the circuit court of Floyd county guardian of the children, to succeed his wife, and one thousand three hundred and ninety-four dollars of the money of the wards then came into his hands, and was invested by him in his business. The children continued as members of his family until they were nearly or quite grown. He carried on the business he had purchased until the first day of January, 1890, when he sold his stock in trade, then worth five thousand dollars, for four thousand dollars. At that time he owed eight thousand dollars, and had business property worth about eight thousand dollars, on which there was an incumbrance of three thousand dollars, and residence property worth about two thousand dollars, on which there was an incumbrance of

nine hundred and fifty dollars. We understand the incum-brances specified to be included in the indebtedness, estimated to amount to eight thousand dollars. Nearly all the capital Steiner invested in his business was the money of his wards. Since his marriage four children have been born to him, and he supported himself and family on the proceeds of his business. That was profitable until about the year 1884, when his health became poor, his expenses increased, and the business grew less profitable, if, indeed, it was not finally carried on at a loss. Steiner made reports, as guardian, to the proper court of Floyd county nearly every year, until January, 1891, when the last one made for several years was filed. In his first report, filed in September, 1881, he charged himself with all the money of his wards he had received, including the seven hundred and fifty dollars obtained from his wife while she was guardian, and reported the principal sum he had received as two thousand two hundred and ten dollars and sixty-eight cents, one-half of which belonged to each ward. The reports did not show that Steiner had invested the money of his wards, but he charged himself with interest on the amount at the rate of 10 per cent. per annum, after deducting one hundred and fifty dollars per annum for the support of the wards. The report of January, 1891, represented that he had a balance on hand belonging to his wards of three thousand two hundred and seventy-eight dollars and forty cents, and was the last one made until May, 1897. In the first report, filed in September, 1881, Steiner took credit for two hundred dollars as support for his wards, but in acting upon the report the court made an order as follows: "The report * * * is by the court examined and approved, except the claim for support above seventy-five dollars for each ward." The order made with respect to each of the reports which followed the first one was sub-stantially like that one made in January, 1891, which was as follows: "And now, on this 28th day of January, 1891, this estate comes on to be heard on the report of the guardian

filed herein this day, and the same is by the clerk examined and approved." "The above and foregoing record read, approved, and signed in open court, this 2d day of April, 1891." That was signed officially by the judge of the court. Pauline attained her majority, and settlement with her was made. Frank became of legal age in April, 1895, and in April, 1897, he filed in the district court of Floyd county an application for an order compelling Steiner and all the sureties on his official bond to make an accounting and to settle with the applicant. The order demanded was made, and in response thereto Steiner filed, on the 1st day of May, a report, in which he charged himself with interest at 10 per cent. per annum on the balance in his hands in January, 1891, which belonged to Frank A. Lenz, and credited himself with two hundred and twenty-five dollars for support, and showed a balance due Lenz of two thousand four hundred and fifty-two dollars and thirty-six cents. When that showing had been made, Lenz applied to Judge Clyde, a judge of the district court of Floyd county, for an order requiring Steiner to pay into court the amount shown by his report to be due, and to adjust and settle all matters pertaining to the guardianship. Judge Clyde thereupon made an order requiring that the application be heard on the 20th day of August, 1897, at his residence, in Osage, Mitchell county, in the same district, and that Steiner be given ten days' notice of the hearing. In response to that order, Lenz and Steiner agreed in writing that, on the date fixed for the hearing, Judge Clyde might sign and enter of record an order, a copy of which was attached to the stipulation. The form was that of a judgment, and recited the hearing of the application of Lenz at the time and place fixed in the order of the judge; that Lenz appeared by his attorneys, and Steiner in person; that, after examining the files, reports, notices, and pleadings, the judge found that Steiner was the duly appointed, qualified, and acting guardian of Lenz; that he had not settled with Lenz, nor paid the money

in his hands belonging to Lenz into court for his benefit;. that Lenz had attained the age of twenty-one years; and that the final report of Steiner, guardian, had been filed, showing he had, in money belonging to Lenz, the sum of two thousand four hundred and fifty-two dollars and thirty-six cents, to which Lenz was entitled. The instrument closed as follows: "It is therefore ordered and adjudged by the said judge that the said A. B. Steiner, guardian, pay the sum of twenty-four hundred and fifty-two dollars and thirty-six cents, with six per cent. interest thereon from the date of filing his final report in and for Floyd county, by the 15th day of September, 1897, for the use and benefit of the said Frank A. Lenz." This was signed by Judge Clyde at, the place and time fixed for the hearing in Mitchell county,. it was duly entered of record in Floyd county, and on the 25th day of September, 1897, it was read and approved by the district court of that county, and the record was signed by the judge of the court. Steiner failed to pay the money as ordered, and in September, 1897, an action was commenced in the district court of Plymouth county against him and the sureties on two bonds which he had given to secure the faithful performance of his duties as guardian. The action was to recover the amount he had been ordered to pay into court for Lenz. This action was commenced on the 20th day of October, 1897, by Steiner and the sureties on the two bonds described. Their petition recites the appointment of Steiner as guardian; his reports; the order for the payment of the amount in his hands, as shown by his last report; and the commencement of the action in Plymouth county. The petition alleges that Steiner is insolvent; that none of the plaintiffs but him had any knowledge of what he had done as guardian, nor of his reports and the order for the payment of the money, until notice of the action in Plymouth county was served on them; that in his reports Steiner unlawfully and fraudulently failed to show that the money intrusted to him had been wrongfully and fraudu-

lently converted to his own use, and made it appear in each report that he had loaned the money, and was receiving interest thereon at the rate of ten per cent., compounded annually; that he mistakenly, wrongfully, and fraudulently credited his ward with interest at the rate of ten per cent. per annum, and fraudulently neglected to charge in his last report eighty-five dollars which he had paid to Lenz; and that he made each report without consulting an attorney, under the mistaken belief that it was his duty to credit his ward with interest, as was done in the reports. The relief asked by the plaintiffs is that the approval of each of the reports made by Steiner be set aside; that the order requiring him to pay to Lenz the sum of two thousand four hundred and fifty-two dollars and thirty-six cents and interest be set aside; that a new hearing with regard to each of the reports and accounts be ordered, and full and final accounting and settlement of all matters connected with the acts of Steiner as guardian of Lenz be had; and, until such an accounting and settlement are had, that Lenz and his attorneys, who are made defendants, be enjoined from the further prosecution of the action in Plymouth county. The plaintiffs also tender and offer to pay the amount which shall be found to be due, and ask for general equitable relief. In November, 1897, Steiner filed in the district court of Floyd county a further report, as guardian, in which specific reference was made to his former reports. In that report he stated that he had never loaned nor otherwise invested the money of his ward, nor received any interest nor other income on account of it, nor derived any profit from it; that in each of his reports he had mistakenly credited the estate of his ward with a higher rate of interest than he was entitled to demand or receive; that he failed to claim credit for various sums, aggregating eighty-five dollars and ninety-two cents, which he had paid on account of his ward after the latter had attained his majority; that in his reports he had charged himself with interest at the rate of ten per cent. per annum, for the reason

that he believed it was his duty to do so; that he should be credited with the amount paid his ward, as stated, and should be charged with interest on the amount he had received at the rate of six per cent. per annum, with annual rests; that he should have been allowed annually only the sum of sixty-six dollars and thirty-three cents for the maintenance of the minors, in lieu of the sum of seventy-five dollars per annum, which was allowed. A statement was attached to the report, made according to the new theory of liability set out therein, which showed one thousand four hundred and three dollars and thirteen cents to be due Lenz. Steiner asked that the report and accounting be approved. The decree of the district court set aside the order of Judge Clyde, made August 20, 1897, and the subsequent approval thereof. It set aside and canceled the approvals of all intermediate reports of Steiner as guardian of Frank Lenz. The report of November, 1897, was approved, and the amount due Lenz was fixed at one thousand four hundred and three dollars and thirteen cents, with interest thereon at six per cent. per annum from November 9, 1897, the date of filing the last report.

I. All the parties to this action have treated the seven hundred and fifty dollars used by Steiner while his wife was the guardian of her children as money for which he should account, and we shall treat it as though it had been received by him while acting as guardian. There is no evidence whatever to show any intentional fraud or wrongdoing on his part, except as he failed to preserve and invest the money of his wards as the law required. He does not appear to have been conscious, while acting as guardian, of wrongdoing, notwithstanding the use he made of the money, and his failure to show in his reports what he had done with it. He appears to have acted in the belief that he was only required to show in his report the amount of money belonging to his wards, the interest which should be allowed for it, and the deductions which should be made for their maintenance. He did not consult an

attorney, and seems to have acted in ignorance of his duties. He charged himself with interest at the rate of ten per cent. per annum in the belief that he should do so, because his wife had done so when acting as guardian, although he knew of the change in the law which fixed the maximum rate of interest allowable at eight per cent. per annum. But he is chargeable with knowledge of the law and of his duties, and the evidence wholly fails to show any ground for relieving him from the liabilities shown by his reports.

His co-plaintiffs, the sureties on his bonds, had no knowledge of his reports, nor of the use he had made of the money of his wards. They were not parties to the proceedings which resulted in the order made by Judge Clyde, August 20, 1897, and the subsequent approval of that order. What effect should be given that order and its approval is a material question for our determination. The appellees contend that the order was void, because made outside the county in which the court having jurisdiction of the guardianship matter was held. It is true the district court of Floyd county had jurisdiction of the matter, and that the order of Judge Clyde was made in Mitchell county. Section 2313 of the Code of 1873, as amended by chapter 144 of the Acts of the twenty-first General Assembly, in force when the order was made and when it was approved, was as follows: "The court shall be always open for the transaction of probate business; but the hearing of any matter requiring notice shall be had only in term time, or at such time and place as the judge may appoint, and in case there is no contest such hearing may be had at any place within the judicial district to which belongs the county in which the business is pending." There was no contest respecting the matter submitted to Judge Clyde in Mitchell county at the time the submission was ordered, nor until after his order was approved. On the contrary, what he did was agreed to by both Lenz and Steiner, and he acted with full jurisdiction of the matter submitted. The order he made

was in form a full and complete adjudication, and the subsequent entering of the order in the records of Floyd county, and the approval thereof by the district court of that county, must be given the force and effect of a judgment of the district court of Floyd county on the merits of the matters submitted, which fixed the liability of Steiner, and consequently that of the sureties on his bonds. *Reed v. Lane,* 96 Iowa, 454; *Knepper v. Glenn,* 73 Iowa, 730; *Knox v. Kearns,* 73 Iowa, 286; *Weber v. Noth,* 51 Iowa, 375. See, also, *King v. King,* 40 Iowa, 120. The cases of *Capper v. Sibley,* 65 Iowa, 754, and *Gillespie v. See,* 72 Iowa, 345, relied upon by the plaintiffs, did not arise under section 2313 of the Code of 1873 as amended.

II. We are next to inquire whether ground for setting aside the judgment has been shown. We have already said that Steiner has no legal ground upon which to complain of it. The defense that he had charged himself with too high a rate of interest should have been made, if at all, before judgment. *Philips v. Gephart,* 53 Iowa, 396; 27 Am. & Eng. Enc. Law, 1032. It is not shown, however, that he should not have paid on account of the use of the money fully as much as the aggregate amount with which he had charged himself. He had invested the money wrongfully, and was liable to account for all of the profits he had made by using it. *Foteaux v. Lepage,* 6 Iowa, 123, 135; Woerner, Guardianship, 220, 221. The evidence justifies the conclusion that he had made all that was required for the support of himself and his family, and seven thousand dollars in addition, by using the money of his wards, and one-half of that amount is much more than the interest with which he charged himself for the benefit of Lenz. The judgment in question, although rendered by agreement, is not shown to have been the result of collusion, or to promote any illegal or improper purpose. The alleged mistakes in the various reports and accounts on which the judgment was rendered could have been set up as a

defense before the final submission of the case, and, if found to constitute a defense, allowance therefor could have been made in the judgment. But that was not done, and we conclude that the plaintiffs have failed to show sufficient reason for disturbing the judgment. It follows from the conclusion stated that the district court erred in setting aside the judgment, and its decree is therefore REVERSED.

GRANGER, J., not sitting.