## D. K. McFarland v. H. McCormick, Appellant.

Partnership and Joint Debtors: INTEREST ON OPEN ACCOUNT. Charges of interest on balance of account, between partners or joint debtors are not allowable in the case of a continuous open account without any settlement or balance being ascertained.

Closing Partnership: *Services of partner.* A partner in a suit for an accounting cannot charge for services in closing the partnership affairs, where there was no agreement to support the charge, nor any necessity for extra services.

Vendor and Purchaser: CONTRACT. A written agreement stated that a transfer of corporate stock was to be made for six city lots, and that, in case the lots should not be disposed of. by the purchaser on or before August 15, 1896, the vendor would pay $1,800 for them, less the amount of incumbrance that might be thereon at that time, provided the purchaser would notify the seller 90 days previous to that date of his desire to receive such payment. The stock was duly transferred. *Held,* that the writing constituted a contract binding on the vendor on proof of notice and compliance with the terms thereof.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

WEDNESDAY, MAY 29, 1901.

ACTION in equity in two counts for an accounting. Defendant answered, joining issue as to certain matters claimed

by the plaintiff, and pleaded a counterclaim, on which he claims a balance due to him. Plaintiff replied, admitting certain of the items claimed, and denying that defendant is entitled to the other items claimed, or to any balance on an accounting. Decree was rendered in favor of the plaintiff. Defendant appeals.—*Modified* and *Affirmed.*

*C. C. Cole* for appellant.

*Berryhill & Henry* and *H. H. Griffiths,* for appellee.

GIVEN, C. J.—I. Question is made whether these parties were co-partners as to the transactions to be considered, or only jointly concerned therein. They were not partners as to the matters involved in the second count, and, as each asks for an accounting as to the matters involved in both counts and the counterclaim, and as the result of an accounting must be the same whether or not we consider them as co-partners, it is unnecessary that we determine this question.

II. Plaintiff's first count arises out of the following facts: The Des Moines Fence Company was a corporation, one-half of the capital stock of which belonged to the plaintiff, and the other half to the defendant; and as such owners they operated the plant from February, 1892, until in December, 1893, during which time the company contracted considerable indebtedness. In December, 1893, each of these parties sold one-half of his stock to brothers named Orr, plaintiff and defendant agreeing with the Orr brothers that they would pay all the existing indebtedness of the corporation. They also reserved to themselves certain of the corporation property, which was of little value, and which has been so disposed of as not to require further notice. As between themselves, these parties agreed that they should be liable equally for said indebtedness of the corporation, and each has since made payments on said indebtedness; and

our first inquiry is as to the amount of said indebtedness, and the amount paid by each thereon. Plaintiff claims that a written statement made by the defendant February 22, 1895, should be taken as a complete list of said indebtedness, but it did not purport to be such, and manifestly is not. We should not consume space by following the discussion as to the several disputed items. It is sufficient that we state our conclusions. We find, upon careful examination of the evidence, that the plaintiff paid $2,000 on said indebtedness, and that the defendant paid $664.39 thereon, and that there remain unpaid two notes to the State Savings Bank, one for $1,000 and one for $200, each dated December 13, 1893, and due in 90 days, with 8 per cent. interest. We further find that plaintiff is indebted to the defendant on account for items other than said payments on the debt of the corporation in the sum of $294.67; making a total credit in favor of the defendant of $959, as against the $2,000 paid by the plaintiff. Defendant's charges of interest in his counterclaim on balance on account are not allowed, as it was a continuous, open account, without any settlement or balance being ascertained. Code, section 3038.

Defendant also charges for services in closing the partnership matters. There was no agreement to support this charge, nor any necessity appearing for services to such an extent. It is probable that the defendant gave more time in settling said debts of the corporation than the plaintiff did but not so as to entitle him to charge for that service. Each gave the time required to do what he did in that matter. The result of our findings under the first count is that the plaintiff is entitled to be allowed for the $2,000 paid by him on the corporation indebtedness, and the defendant is entitled to be allowed on his counterclaim the sum of $959, being $51.05 more than found by the court below, namely $908.95.

III.   The second count arises out of the following facts: In January, 1895, the defendant purchased the stock

owned by the Orrs, and in February following purchased that owned by the plaintiff and conveyed to the plaintiff, in payment, certain six city lots, and at the same time executed and delivered to the plaintiff a writing as follows: "Des Moines, Iowa, Feb. 15th, 1895. Mr. D. K. McFarland, Des Moines, Iowa—Dear Sir: In consideration of the trade made between us today, in which you turn over to me your stock and all your interests in the Des Moines Fence Co., of Des Moines, Iowa, for a deed to lots numbers 147, 148, 149, 150, 151, 152, in East Capital Park addition to the city of Des Moines, Iowa, which I am to have executed to you, I hereby agree that, in case you fail to dispose of said lots on or before August 15th, 1896, that I will on that date pay to you, or cause to be paid to you $1,800.00 (eighteen hundred dollars) for said lots, less the amount of incumbrance that may be against them on that date: provided, you notify me that you desire me so to do ninety (90) days prior to August 15th, 1896; otherwise, this instrument to be null and void. I further agree that between this date and August 15th, 1896, you may sell and convey any part of above-described lots, giving me credit with the full amount of sale; but no lot shall be sold and credited to me at less than $300.00 per lot. This instrument not transferable. Witness my hand, this 15th day of February, 1895. [Signed] H. McCormick." Appellant contends that this is not an agreement, but a mere offer, that was never accepted, and therefore not binding on the parties. We think it is clearly an agreement on the conditions named. It was a part of the transaction by which plaintiff sold his stock to the defendant, and a part, if not all, of the consideration therefor. It is an agreement upon conditions, and, before the plaintiff is entitled to recover thereon, he must show that he complied with the conditions. It is an agreement to pay $1,800 for the lots, less the amount of incumbrance against them, on August 15, 1896, on condition that the plaintiff notify the defendant that he desires

the defendant so to do 90 days prior to August 15, 1896. To entitle the plaintiff to enforce this agreement, he must show that 90 days prior to August 15, 1896, he did notify the defendant that he desired him to take said lots on the terms named. Plaintiff's attorney testified that he wrote and mailed to defendant a letter, as follows: "May 1st, 1896. H. McCormick, Esq., Des Moines, Iowa—Dear Sir: Some time ago Mr. D. K. McFarland submitted to me a contract entered in with you February 15th, 1895, relative to some lots East Capital Park, in this city. That contract, as you will remember, provides for the reconveyance thereof to you if undisposed of by Mr. McFarland August 15th, 1896, upon his giving you 90 days' notice of his desire that you purchase the same of him at the price agreed upon by you, $300.00 per lot, or $1,800.00 in all. He asked me what sort of a notice would be required under the contract, whether verbal or written, and I told him I would write you relative to the matter soon, unless I heard from him. He has not said anything further, and I write to ask if you will kindly consider this the formal notice required in said contract,— that he desires to sell you the property on the terms stated in the contract. Kindly let me hear from you, and oblige, yours, truly, Henry H. Griffith." Mr. Griffith testifies to having delivered to the defendant on May 16, 1896, a copy of the notice, as follows: "Des Moines, Iowa, May 15, 1896. To H. McCormick: You are hereby notified that I have failed to dispose of lots No. 147 to 152, inclusive in East Capital Park addition to the city of Des Moines, Iowa, conveyed to me by deed mentioned in the contract made between us of date February 15th, 1895, and cannot now see any immediate prospect of disposing of the same. You are further notified that I desire you to pay to me on August 15th, 1896, the date mentioned in said contract of date February 15th, 1895, or cause to be paid to me, the sum of $1,800 for said lots, less the amount of incumbrance that may be against them on that date; and, if any one or more

of said lots is sold by me prior to said 15th day of August, 1896, you will receive credit in the sum of $300.00 for each lot so sold by me. And I am ready at any time on demand to execute to you a deed for said lots, or such thereof as may be unsold prior to such demand. You will govern yourself accordingly. A copy of said contract is hereto attached, and, unless I hear from you at once to the contrary, this will be considered the ninety (90) days' notice called for by said contract. D. K. McFarland." The defendant denies any recollection of receiving a copy of said notice, but we think the fact must have escaped his recollection. The notice was within the time and in exact compliance with the conditions named in the agreement of February 15, 1895. Appellant's counsel insist that this is a demand for payment without any offer to convey the lots. We think, taking the whole instrument together, it must have been apparent to the defendant that the plaintiff was ready, upon payment of the amount demanded, to make conveyance of the lots. It is said that there was no offer to convey before suit was brought. Plaintiff makes tender of the deed in his petition. We think the plaintiff has made such showing of compliance with said agreement of February 15, 1895, as entitled him to its enforcement. The court below correctly found that said lots were incumbered to the amount of $562.50, and that there was due from the defendant on account of said contract $1,237.50, and that the defendant is, in equity, the owner of said lots, and that for said sum plaintiff was accorded a vendor's lien. As to the notes for debts of the corporation remaining unpaid, the court held the defendant to pay the $1,000 note and interest, and each to pay one-half of the $200 note and interest. This seems to be supported by an agreement of the parties. Our conclusions are, upon the whole record, that the findings, judgment, and decree of the lower court were equitable and just, under the facts, except as to said $51.05, which should be added to the $908.95 allowed to defendant by the district

court. On account of the modification, $10 of the costs will be taxed to plaintiff.—MODIFIED and AFFIRMED.