IN RE WILL OF HANS J. BROCKMANN.

FEBRUARY 12, 1929.

*Ruymann & Ruymann*, for appellant.

*Albert W. Hamann*, for appellee.

WAGNER, J.—The last will and testament of Hans J. Brockmann, deceased, was admitted to probate October 8, 1912. The nomination therein of his son-in-law, Louis Klindt, as executor,  without bond, was confirmed. Subject to the payment of his just debts, the will provides: "I give to my beloved wife, Lena Brockmann, a life estate in all the property real and personal of which I die seized and possessed." Subject to the life estate, he devises all the rest, residue, and remainder of his estate to his children, in equal parts, except that, as to his daughter, Meta Brockmann, said share is bequeathed to the aforesaid Louis Klindt, in trust for her use and benefit.

In March, 1915, the executor filed his final report, showing the balance remaining, after the payment of the debts and charges of said estate, of $8,071.62, and stating therein:

"Said balance of $8,071.62 is now on deposit in the Eldridge Savings Bank in the name of Lena Brockmann, such deposit having been made by this executor by virtue of the provisions of the will of deceased that the widow of deceased, Lena Brockmann, should have the use of all of his estate so long as she should live."

Notice of the hearing of the aforesaid final report was given to all persons interested, as per an order of court, and on March 29, 1915, said final report was approved, the executor discharged, and the estate closed. The order of court granted at said time contains the following provisions:

"The court hears said report read, and, being advised in the premises, finds the said report is true and correct in all respects, and the court finds that said executor has discharged all of his duties as such, and that he has paid to Lena Brockmann, widow of said deceased, all of the funds in his hands, as directed in the will of deceased, she to have the use of all of his estate so long as she should live. * * * It is, therefore, now hereby ordered, adjudged, and decreed that the said report be, and it is hereby, approved and confirmed, and the said executor is now discharged, and said estate is now closed."

Thirteen years later, on March 28, 1928, Louis Klindt, the former executor, filed a petition in said matter, asking that the former order, granted March 29, 1915, be modified, so that he

should remain and continue as executor. On the same day, without the service of any notice upon the widow or any other persons interested in said estate, the court modified said former order, by expunging therefrom that portion discharging the executor and closing the estate, and providing in lieu thereof that said executor retain his office until the final distribution of said estate, and that "said executor is not required to make any report, unless he desires to do so, or is requested to do so by the court, and that said estate remain open until the final distribution."

The widow, Lena Brockmann, then commenced the present proceeding, setting out in her petition the material facts hereinbefore stated, and alleging that, by the terms of the will, she is entitled to the possession, custody, and control of the property; that said order of March 28, 1928, was made and entered by the court without jurisdiction and without lawful authority. The petition prays that said order of March 28, 1928, be set aside and revoked. The former executor appeared, and in his answer admitted all the allegations of the petition, except that he denies that Lena Brockmann is entitled to the possession of the property, but avers that he is entitled to such possession, and denies that the court was without jurisdiction on March 28, 1928, and without lawful authority to grant said order. In another count of his answer, he alleges that the petitioner is of unsound mind; and in still another count, alleges what he claims is an estoppel.

At the close of the petitioner's evidence, the former executor moved that the court dismiss the petition, for the reasons that the petitioner has not shown that he has not performed his duties as executor, or any misconduct on his part, and that she has failed to sustain the allegations of her petition. This motion was by the court overruled. No evidence was introduced in behalf of the former executor. As a result of the hearing, the aforesaid order granted on March 28, 1928, was set aside. From this latter order, the said Louis Klindt appeals.

At the beginning of the trial, the former executor objected to the introduction of any evidence, and orally moved the court for an order setting a specific time for a hearing and introduction of evidence on the question of the petitioner's sanity. Said oral objection and motion were by the court overruled. The executor assigns this ruling by the court as error.

The petitioner has not been judicially declared to be of unsound mind. The executor did not ask for a continuance until the question of her sanity could be determined upon trial in an  independent action to be brought for that purpose. She is presumed to be sane until the contrary is proven. No evidence was offered by the executor in support of his allegations in the answer, stating that she was of unsound mind. No reply was necessary. Said allegations are deemed denied by operation of law. The court was clearly right in overruling said objection and motion.

The count in the executor's answer claimed by him to constitute an estoppel, if of any effect, is an affirmative defense, and is deemed denied by operation of law; and since there was no evidence in support thereof, the same needs no further consideration.

The order of March 29, 1915, discharging the executor, having been granted after notice upon all the interested parties, constituted an adjudication, and was binding upon the executor and all other parties. This order, after a lapse of 13 years, could not be set aside in an ex-parte proceeding. *Willson v. District Court,* 166 Iowa 352; *Browne v. Kiel,* 117 Iowa 316.

The questions as to whether or not the widow, being the life tenant, has the legal right to encroach upon the principal, and as to whether or not the remaindermen, before the time of the discharge of the executor, could have required a bond from the life tenant for their protection, are not presented for our determination, and we make no pronouncement thereon. However, see *Scott v. Scott,* 137 Iowa 239; *Nelson v. Horsford,* 201 Iowa 918.

Neither is there presented for our determination the question as to whether or not the appointment of an administrator *de bonis non,* with the will annexed, would be proper, and we make no pronouncement thereon. However, see 24 Corpus Juris 1144.

The trial court was clearly right in the determination of the matters presented to him, and his action in the premises is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.