IN RE ESTATE OF SARAH E. HOLMAN.

APPEAL OF WESTERN SURETY COMPANY FROM RULING.

No. 42137.

October 17, 1933.

Griffin, Griffin & Griffin, for appellant.

Everett Waller, for appellee.

STEVENS, J.—On January 10, 1933, the district court of Woodbury county caused an order to be entered adjudging Blanche I. Stewart, executrix of the estate of Sarah E. Holman, to be indebted to said estate in the sum of $325.02. The court in its said order commanded the executrix to pay said sum within thirty days. Failing to comply with this order, George H. Thoma, previously appointed administrator *de bonis non*, was directed by the court to commence action against the Western Surety Company, appellant herein, as surety on the bond of said executrix.

On February 27th following, the appellant filed an application in probate of said estate asking that the aforesaid orders of the court be vacated and set aside. It is alleged in the said application on the merits that the sum referred to and found to be due, if in the possession of Blanche I. Stewart, was as trustee for the heirs of her decedent and not as executrix; the specific charge being that the sum constituted rent collected by her for the use of real estate of decedent, and therefore the property of the heirs, with which the executrix had no concern. Upon motion of the administrator *de bonis non*, the original application of appellant to set aside and cancel the finding and order of the court and also an amended and substituted application for the same purpose were stricken from the files, and the surety company appeals.

It is conceded that no notice of the hearing of the demand made upon the executrix to account was served upon appellant. The proceeding is based upon the provisions of section 12051 of the Code of 1931, which is as follows:

"Accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months on his application."

It will be observed that the provision here made applies only to a person adversely interested who was absent and not served with notice. This court has never undertaken to definitely define or determine who, under all circumstances, has a right, under the foregoing statute, to have a final order or adjudication of the court set aside. A person adversely interested is obviously one who has some interest in the estate, that is, some one having such interest as would entitle him to notice of the filing by the executor or administrator of a final report, together with a prayer for discharge.

The following, among other cases, has arisen under this statute. In re Estate of Durham, 203 Iowa 497, 211 N. W. 358. Nothing said, however, in the foregoing case is of particular aid in the decision of the question before us. The sureties on the executor's bond are in privity with their principal and presumed to have knowledge of all orders regularly entered relative to the settlement of an estate. Tucker v. Stewart, 147 Iowa 294, 126 N. W. 183. In re Estate of Feldner, 167 Iowa 150, 149 N. W. 38. The statute contains no provision requiring notice to be served upon the sureties on the bond of an executor or administrator of the filing of a final report and prayer for discharge. The order of the probate court in this case had the effect of an adjudication on the merits. Knox, Guardian, v. Kearns, 73 Iowa 286, 34 N. W. 861; Weber v. Noth, 51 Iowa 375, 1 N. W. 652; In re Estate of Carpenter, 210 Iowa 553, 231 N. W. 376; In re Will of Brockmann, 207 Iowa 707, 223 N. W. 473; In re Estate of Weidman, 209 Iowa 603, 228 N. W. 571; In re Estate of Sarvey, 206 Iowa 527, 219 N. W. 318.

As stated, the proceeding in this case is in probate and not in equity. The relief sought in the present proceeding under the statute is of the same nature and character as relief in equity upon the same ground unless appellant comes within the scope and meaning of section 12051. We think it clear that notice to appellant of the proceedings complained of was not necessary, as a matter of law, or in furtherance of justice. As already shown, it was in all particulars affecting its liability in privity with its principal.

■ Furthermore, the relief sought involves directly the merits of the controversy adjudicated by the orders and judgment of the court. It has been many times held by this court that an order discharging an executor or administrator may be impeached only for fraud or mistake, and that the fraud or mistake in such case must be something extrinsic or collateral to the questions tried and in-

hering in the order or judgment assailed. Bradbury v. Wells, 138 Iowa 673, 115 N. W. 880, 16 L. R. A. (N. S.) 240; Murphy v. Hahn, 208 Iowa 698, 223 N. W. 756; In re Estate of Meinert, 204 Iowa 355, 213 N. W. 938; Dodds v. Cartwright, 209 Iowa 835, 226 N. W. 918; Tucker v. Stewart (Iowa) 86 N. W. 371 (not officially reported).

There is no charge of fraud or mistake in this case. The challenge is of the correctness of the court's decision on the merits; that is to say, the claim asserted is that the court was in error in holding that the funds coming into the hands of Blanche I. Stewart were received by her as executrix rather than as trustee for the benefit of the heirs of the decedent. As appears from the authorities cited, this attack could not have been successfully accomplished in equity. Appellant is not a person adversely interested upon whom the service of notice was necessary. As to it the order of the court operates as an adjudication of the matters tried upon the merits.

It follows that section 12051 has no application to the facts alleged in the original and substituted applications of appellant to set aside the order. The ruling of the court is therefore correct, and must accordingly be affirmed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.